Jessie B. LOFTIN, Relator,

v.

The Honorable John MARTIN,
Judge, Respondent.

No. C–7698.

Supreme Court of Texas.

May 24, 1989.

Rehearing Denied Oct. 4, 1989.

Jimmy W. Nettles, Beaumont, for relator.

Don Karotkin, Randall J. Heldt, Kurt Groten, Houston, for respondent.

SPEARS, Justice.

This is an original mandamus proceeding instituted by Jessie B. Loftin, relator, against respondent, Honorable John Martin, Judge of the Second 9th Judicial District Court of Polk County, Texas.[1] Rela-

1. We acknowledge that the petition for writ of mandamus filed with this court was originally styled: *Loftin v. Ninth Court of Appeals.* This court on its own motion has changed the re-

tor seeks a writ of mandamus directing Judge Martin to rescind his order of May 10, 1988 and further directing respondent to allow relator to obtain various reports and documents made during the investigation of relator's underlying claim.

The real party in interest, Lumbermens Mutual Casualty Company (Lumbermens), filed suit to set aside an award of the Texas Industrial Accident Board granted to relator, Jessie Loftin. Loftin then brought a counterclaim for an affirmative award of total and permanent incapacity and requested Lumbermens to produce certain documents. Lumbermens filed its objections to three particular requests for production [Request # 2, # 3 and # 4], and a hearing was thereafter set on these discovery matters for February 9, 1988. Although counsel for Lumbermens appeared at the discovery hearing, neither Loftin nor his attorney appeared nor did either notify the court of any reason for their non-attendance. On May 10, 1988, Judge Martin signed an order sustaining Lumbermens' objections to the three requests for production.

Loftin then filed a mandamus petition in the Ninth Court of Appeals seeking to set aside Judge Martin's order of May 10. The court of appeals in an unpublished per curiam opinion held that because the discovery requests were so overly broad and vague it could not say that the trial court abused its discretion, citing *Durham v. Cannan Communications, Inc.*, 645 S.W.2d 845, 848 (Tex.App.—Amarillo 1982, writ dism'd) (the trial court did not abuse its discretion in light of the fact that the disclosure demand was too broad).

■ In this mandamus proceeding, the true inquiry is whether the trial court abused its discretion in reaching its decision. Our focus remains on the trial court's order regardless of the court of appeals' decision. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 918 (Tex.1985). Under the facts of this case, the relator must show that the trial court's action in sustaining Lumbermens' objections was so arbitrary and unreasonable as

to amount to a clear and prejudicial error of law. *Id.* at 917. *King v. Guerra*, 1 S.W.2d 373, 376 (Tex.Civ.App.—San Antonio 1927, writ ref'd); *Bush v. Vela*, 535 S.W.2d 803, 805 (Tex.Civ.App.—Corpus Christi 1976, orig. proceeding). A mere error of judgment is not an abuse of discretion.

We first consider whether Judge Martin abused his discretion in sustaining Lumbermens' objection to request for production # 2. Loftin's request # 2 was as follows:

Request is hereby made that reports be made by all experts you anticipate calling at the trial of this cause to contain all factual observations, tests, supporting data, calculations, photographs and opinions and produced for inspection and copying.

Lumbermens responded as follows:

The request is objected to on the grounds that it constitutes a request that the Counter–Defendant ask expert witnesses to prepare written reports for the benefit of Counter–Plaintiff, which is outside the scope of discovery under Rule 167. Subject to this objection, Counter–Defendant is unable to comply with the request because it has not yet made a decision on what experts, if any, it will call to testify. However, Counter–Defendant may call to testify any of the physicians who have seen and/or examined Counter–Plaintiff for his alleged injuries and copies of all their written reports are already in your possession.

■ Rule 166b(2)(e) of the Texas Rules of Civil Procedure governs the discoverability of experts and reports of experts. Basically, it provides for the discovery of facts known, mental impressions and experts' opinions, and the subject matter on which the witness is expected to testify. A request for production of reports of experts, however, must seek an actual document in existence because a party will not be compelled to create or construct it for his opponent. 2 R. McDonald, *Texas Civil Practice in District and County Courts*, § 10.03 (rev. 1982). The only instance to the con-

spondent from Ninth Court of Appeals to The    Honorable John Martin, Judge.

trary is found in Tex.R.Civ.P. 166b(2)(e)(4) which provides:

> If the discoverable factual observations, tests, supporting data ... of an expert who will be called as a witness have not been recorded and reduced to tangible form, the trial judge may order these matters reduced to tangible form and produced within a reasonable time before the date of trial.

Here, Loftin requested that reports be made by experts, and Lumbermens objected to such request. According to Rule 166b(2)(e)(4), it was incumbent upon Loftin, after Lumbermens objected, to obtain an order from the trial court mandating the creation and production of such reports. No such order has been sought by Loftin nor has such an order been signed by Judge Martin. Accordingly, Loftin's demand for a report is premature because the report is not in existence.

Loftin's request for production # 2 is further premature because no experts had yet been designated by Lumbermens at the time of the discovery hearing. This factor was brought to the attention of the trial court through Lumbermens' objection. It was within the trial court's discretion to disallow the request for production # 2 at least until Lumbermens could designate their experts. According to Rule 166b(2)(e)(3), the trial judge has discretion to compel a party to make the determination and disclosure of whether an expert may be called to testify within a reasonable and specific time before the date of trial.

We therefore hold that Judge Martin was within his discretion in not ordering production of experts' reports when no experts were designated as of the date of the hearing. Thus, Loftin's request for production # 2 was premature.

The second objection was made to Loftin's request for production # 3 in which he sought production of:

> all documents, statements, and communications made during the normal scope of investigating the claimant-employee from July 20, 1986 [date of accident] through the date of the filing of this suit.

Lumbermens objected to this request by asserting the "investigative privilege" of Rule 166b(3) of the Texas Rules of Civil Procedure. Specifically, Lumbermens objected that the documents requested "constitute the internal thought processes and evaluations of [Loftin's] claims within [Lumbermens'] organization and such matters are not discoverable." Lumbermens also objected on the ground that the matters requested constitute communications between representatives of Lumbermens that were made after Loftin's injury and in anticipation of Lumbermens' defense.

■ In *Peeples v. Fourth Court of Appeals*, 701 S.W.2d 635 (Tex.1985), we formulated the procedure to be followed by a party seeking to exclude documents from discovery. Although in *Peeples* the claim concerned a party's right to privacy, the same procedure applies to claims of privilege. In *Peeples* we held that pursuant to Rule 166b(4) of the Texas Rules of Civil Procedure, any party who seeks to exclude documents from discovery must (1) specifically plead the particular privilege or immunity claimed and (2) provide evidence supporting such claim. The trial court must then determine whether an *in camera* inspection is necessary, and, if so, the party seeking protection must segregate and produce the documents to the court. *See* Tex.R.Civ.P. 166b(4).

In the present case, Lumbermens specifically pleaded the investigative privilege of Rule 166b(3). However, Lumbermens did not present testimony or evidence at the discovery hearing regarding its claimed privilege. Lumbermens argues, however, that the trial court could merely look at Loftin's request for production # 3 and know that the requested items were privileged.

■ We are unpersuaded by Lumbermens' argument. The investigative privilege of Rule 166b(3) is governed by the rule in *Allen v. Humphreys*, 559 S.W.2d 798, 802 (Tex.1977); *Stringer v. Eleventh Court of Appeals*, 720 S.W.2d 801, 802 (Tex.1986). Only information obtained by a party after there is good cause to believe a suit will be filed or after institution of a

lawsuit is privileged. The burden under Rule 166b(3) is on the party resisting discovery to prove that the evidence is acquired or developed in anticipation of litigation.

■ Lumbermens produced no evidence to show that the documents requested were prepared in anticipation of litigation. Although Loftin's request asked for "documents made during the normal scope of investigating the claimant-employee," we are unable to conclude as a matter of law that such request would involve producing only documents prepared in anticipation of litigation. We recognize the possibility that certain reports or documents could have been formulated after Loftin's injury which would not be made in anticipation of litigation. The words used in request for production #3 are not sufficient to support the alleged investigative privilege.

In *Weisel Enterprises, Inc. v. Curry*, 718 S.W.2d 56, 58 (Tex.1986) this court held that a trial judge who denies discovery in the absence of evidence substantiating the claim of privilege, abuses his discretion. Under the facts of this case, and under the authority of *Peeples* and *Curry*, the trial court should have reviewed the allegedly privileged documents *in camera*. Because there was no evidence of privilege nor an *in camera* review, we hold that the trial court abused its discretion in denying discovery with respect to Loftin's request for production #3.

■ Lumbermens' final objection was made to Loftin's request for production #4 which demanded:

all notes, records, memoranda, documents and communications made that the carrier contends support its allegations [that the award of the Industrial Accident Board was contrary to the undisputed evidence].

Lumbermens objected to request #4 on the basis that it was so vague, broad and unclear that Lumbermens was unable to determine with reasonable certainty what it was being called upon to produce.

Rule 167 of the Texas Rules of Civil Procedure governs the discovery and production of documents and other tangible things. The 1966 General Commentary to Rule 167, Tex.R.Civ.P. quoted with approval the following from Steely and Gayle, *Operation of the Discovery Rules*, 2 Houston L.Rev. 222, 223 (1964):

Unlike interrogatories and depositions, Rule 167 is not a fishing rule. It cannot be used simply to explore. You are permitted to fish under deposition procedures, but not under Rule 167. The Motion for Discovery must be specific, must establish materiality, and must recite precisely what is wanted. The Rule does not permit general inspection of the adversary's records.

Loftin has requested all evidence that supports Lumbermens' allegations. The request does not identify any particular class or type of documents but it is merely a request that Loftin be allowed to generally peruse all evidence Lumbermens might have. We hold that such request was vague, ambiguous, and overbroad and that the trial court was within its sound discretion in sustaining Lumbermens' objection. No one seeks to deny Loftin's right to see evidence against him, but he must formulate his request for production with a certain degree of specificity to allow Lumbermens to comply.

Because the trial judge abused his discretion in sustaining Lumbermens' objection to request for production #3, we conditionally grant Loftin's petition for writ of mandamus. The writ will issue only if the trial judge refuses to rescind that portion of his order.

HECHT, J., files a dissenting opinion in which PHILLIPS, C.J., and GONZALEZ and COOK, JJ., join.

HECHT, Justice, dissenting.

Today the Court issues mandamus to correct a ruling the trial court never made on an objection to discovery which relator, the discovering party, never opposed. To this unprecedented, unworkable and unreasonable result, I dissent.

The Court properly rejects two of Loftin's three bases for his petition for manda-

mus. The facts pertaining to the third basis, upon which the Court grants mandamus,[1] are these. In this worker's compensation case, Loftin requested the carrier, Lumbermens Mutual Casualty Company to produce:

all documents, statements, and communications made during the normal scope of investigating the claimant-employee from [the date of the accident] through the date of the filing of this suit....

Lumbermens objected to the request on two grounds: that it exceeded the scope of discovery, and that the documents called for are privileged. Specifically, Lumbermens objected:

on the grounds that most, if not all, of the items requested are not within the scope of discovery under Rule 166b, Tex. R.Civ.P., since they do not constitute investigation of the claim or of [Loftin] and are not reasonably calculated to lead to the discovery of any admissible evidence. Rather, such documents, statements and communications constitute the internal thought processes and evaluations of [Loftin's] claims within [Lumbermens'] organization and such matters are not discoverable. As to any documents, statements and communications requests which do not fall into this category, the objection is hereby made that any such investigative materials constitute communications between agents or representatives or employees of [Lumbermens] that were made subsequent to the occurrence upon which this suit is based and in anticipation of the defense of [Loftin's] claim made a part of the pending litigation. Therefore, any such items are privileged under Rule 166b, Tex.R.Civ.P.

(Emphasis added.) Loftin requested a hearing on Lumbermens' objections but filed nothing in response. Lumbermens' counsel appeared at the hearing Loftin requested, traveling more than 70 miles from his office in Houston to the courthouse in Livingston. Loftin did not appear at the hearing he requested, nor did he offer the trial court any explanation for his absence.[2] At that hearing, the trial court considered Lumbermens' arguments in support of its objections to Loftin's request for production. The trial court overruled some of Lumbermens' objections and sustained others. The record does not reflect that Loftin ever moved the trial court to reconsider its rulings,[3] or revised his request for production to meet Lumbermens' objections. Instead, Loftin applied to the court of appeals to mandamus the trial court to order Lumbermens to produce the requested documents. The appeals court granted Loftin's application in part and denied it in part.

1. Relator Loftin requests mandamus directed to the court of appeals, not to the trial court. He argues specifically that "the honorable court of appeals erred and abused its discretion" in denying mandamus on the matters at issue in this Court. Nevertheless, the Court on its own, without a word of explanation, changes the respondent from the Ninth Court of Appeals to the Judge of the Second 9th Judicial District Court of Polk County, Texas. A petition for mandamus in this Court complaining of a trial court's discovery decisions ought generally to be directed at the trial court rather than the court of appeals. See Johnson v. Honorable Fourth Court of Appeals, 700 S.W.2d 916, 918 (Tex.1985) ("Our focus remains on the trial court's order regardless of the court of appeals' decision on mandamus."). However, this relator has clearly chosen to seek relief against the court of appeals instead. I would think a party had a right to pick the party against whom he wanted to seek relief without either interference or assistance from this Court. The Court might correct an obvious misnomer, but that is not the case here.

Relator's alleged abuse of discretion by the court of appeals in refusing to mandamus the trial court hardly presents the same issue as an alleged abuse of discretion by the trial court in ruling on discovery. Before now, I was aware of no procedure by which the Court could unilaterally change the parties in a case to suit itself, without motion or argument by any party.

2. Loftin has not offered in his papers filed in this Court any reason for his failure to attend the hearing he himself requested. At oral argument Loftin's counsel stated that he missed the hearing because his child was very ill the preceding night. Loftin's counsel further stated that he deliberately chose not to offer this explanation to the trial court.

3. Loftin's and Lumbermens' counsel stated in oral argument that Loftin filed a motion for reconsideration which the trial court denied. Neither the motion nor the trial court's ruling is in the record before the Court.

The Court holds that the trial court abused its discretion in denying the discovery sought by Loftin without evidence supporting Lumbermens' claim of privilege and without reviewing the documents *in camera*. The Court simply ignores the fact that the trial court did not sustain Lumbermens' claim of privilege. Lumbermens did not even argue its claim of privilege in the trial court. Instead, Lumbermens asserted only its objection as to the scope of Loftin's request. Specifically, Lumbermens' counsel's sole argument to the trial court was that Loftin's request "basically asked me to produce my entire claim file." The trial court sustained Lumbermens' objection on this argument alone. The court of appeals upheld the trial court's ruling by denying the part of Loftin's mandamus application directed to this ruling. Like the trial court, the court of appeals did not hold that Lumbermens' documents are privileged. It held only that Loftin's request was "so overly broad and vague, we cannot say the trial court abused its discretion" in refusing discovery.

This Court, in holding that the trial court abused its discretion in sustaining Lumbermens' objection, never addresses the only grounds Lumbermens' argued before the trial court and upon which that court and the court of appeals based their rulings. The Court criticizes the trial court for failing to follow the procedures set out in *Peeples v. Honorable Fourth Supreme Judicial District,* 701 S.W.2d 635 (Tex.1985), and *Weisel Enterprises, Inc. v. Curry,* 718 S.W.2d 56 (Tex.1986). The trial court did not follow the procedures outlined in those cases because they simply do not apply. The focus of the objection which Lumbermens chose to argue to the trial court was not the nature of its documents but the breadth of Loftin's request. No *in camera* inspection was necessary for the trial court to determine whether Loftin's request was too broad.

The trial court surely had discretion to hold Loftin's request too broad. A more global request can hardly be imagined. It is not limited to the subject matter of the case but includes all documents made *during* the investigation of Loftin. It does not

exclude privileged documents. It is, as Lumbermens' counsel stated to the trial court, a request for its entire claim file. Texas Rule of Civil Procedure 167 authorizes a request for "designated documents". The commentary to that rule explains:

> The rule permits discovery of "designated" documents, papers, etc. This is an important requirement. The rule does not permit a general inspection of an adversary's records, sometimes referred to as a "fishing expedition." Thus, it has been held that a motion to produce "all written reports, memoranda or other records of conferences of officers or members of the technical staff of defendants" is too general and comprehensive.

.    .    .    .    .

> Similarly, a motion calling for every writing in the possession of an adversary relating to transactions between it and another over a period of years is too general.... The motion should contain a sufficiently explicit designation of the documents intended....

Tex.R.Civ.P. 167 general commentary—1966 (Vernon 1976). Texas Rule of Civil Procedure 166b.4 provides in pertinent part:

> In responding to *an appropriate discovery request* within the scope of paragraph 2 *directly addressed to the matter,* a party who seeks to exclude any matter from discovery on the basis of an exemption or immunity from discovery, must specifically plead the particular exemption or immunity from discovery relied upon and produce evidence supporting such claim in the form of affidavits or live testimony presented at a hearing requested by either the requesting or objecting party.... When a party seeks to exclude documents from discovery and the basis for objection is undue burden, unnecessary expense, harassment or annoyance, or invasion of personal, constitutional, or property rights, rather than a specific immunity or exemption, *it is not necessary for the court to conduct an*

*inspection of the individual documents before ruling on the objection.*

(Emphasis added.) That rule makes clear that the requirements of presenting evidence and inspecting the requested documents *in camera* are not triggered except by "an appropriate discovery request". A request for production of documents under Texas Rule of Civil Procedure 167 that does not describe the requested documents with reasonable particularity is not "appropriate" within the meaning of rule 166b.4.

Even if the trial court had sustained Lumbermens' claim of privilege without complying with the applicable procedures, mandamus should not issue to correct that ruling when the relator has never once complained to the trial court.[4] The record does not reflect that Loftin ever presented one word of argument, orally or in writing, in opposition to Lumbermens' objections. The trial court could not possibly have known from the record before it what Loftin's position on Lumbermens' objections was. What if Lumbermens had chosen not to proceed at the hearing? Would its objections have been overruled? What if Lumbermens had not appeared at all? Would the trial court have been required to rule on the objections in the absence of both parties? It is a very odd rule, in my view, to require a trial court to rule on discovery objections when the party seeking discovery does not insist upon a ruling or offer any explanation why it should go in his favor. By the Court's holding today, a party by merely requesting a hearing on a discovery request may require the trial court and the opposing party to proceed to a thorough consideration of the issue, even without participating himself. In effect, once a party makes a discovery request, that request perseveres even if the party does not. Either the opposing party must present his adversary's arguments, or the trial court must imagine what they might be. If the requesting party is dissatisfied with the result reached in his absence, he need not move for reconsideration or attempt in any way to acquaint the trial court with his position. He is entitled to go straight to the court of appeals and this Court and complain that the trial court abused its discretion, and to obtain the extraordinary writ of mandamus. That, in sum, is what the Court holds. The Court's rule appears to be limited to discovery issues. Why discovery motions should be treated differently from other motions is not apparent to me.

In my view, the Court is tacitly abandoning established standards for issuance of mandamus. Those standards were succinctly summarized only recently in *Johnson v. Honorable Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985):

> Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law....

> •    •    •    •    •

> A trial court ... abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.... A relator who attacks the ruling of a trial court as an abuse of discretion labors under a heavy burden.... The relator must establish, under the circumstances of the case, that the facts and law permit the trial court to make but one decision. This determination is essential because mandamus will not issue to control the action of a lower court in a matter involving discretion.

Under these standards, the Court could not issue mandamus today without concluding that no reasonable judge could consider Loftin's request overly broad and vague. The Court does not—I think cannot—reach that conclusion. Instead, the Court moves to a lower standard for reviewing discovery rulings. Even if a party makes a request that is on its face unreasonably broad and vague, even if that party requests a hearing on the responding party's objection to that request but does not appear or present his position, and even if the trial court makes a ruling that is at least arguably within its discretion, this Court's manda-

---

4. As noted above, Loftin does not include any motion for reconsideration in his record before us, nor does he complain of any ruling by the trial court on any such motion.

mus door is wide open. I fear the Court is signaling that at least in the area of discovery, mandamus will issue whenever this Court disagrees with a lower court's decision. In my view, we should be raising, not lowering, the standards for issuance of mandamus.

This much at least is certain: a trial court with no more discretion than the trial court in this case has very little left at all. I therefore dissent.

PHILLIPS, C.J., and GONZALEZ and COOK, JJ., join in this dissenting opinion.