**ENSERCH CORPORATION, d/b/a Lone Star Gas Company, Relator,**

v.

**The Honorable George A. CROWLEY, Respondent.**

**No. 2-89-244-CV.**

Court of Appeals of Texas, Fort Worth.

Dec. 19, 1990.

Fillmore, Herrick & Harrington, K. Marvin Adams and H. Dustin Fillmore, Fort Worth, for Enserch Corp.

Cowles & Thompson, R. Brent Cooper, Peter T. Martin and R. Michael Northrup, Dallas, for L.D. Conatser.

Gardere & Wynne, Cynthia Hollingsworth and Martin E. Rose, Dallas, for respondent.

Before WEAVER, C.J., and HILL and FARRIS, JJ.

OPINION

HILL, Justice.

Enserch Corporation, doing business as Lone Star Gas Company, and L.D. Conatser Contractors, Inc., brought this original mandamus proceeding in which they seek our order directing the Honorable George Crowley, the respondent, to rescind his protective order that he entered on August 21, 1989. They also asked us to declare that fifteen experts named in Judge Crowley's order, as well as their opinions, mental impressions, and documents, are not the subject of any applicable privilege, or that any applicable privilege has been waived. Subsequently, a non-suit was taken in the underlying lawsuit as to Conatser so that Conatser is no longer a party to this proceeding. We find that leave to file motion for writ of mandamus was improvidently granted because the trial court did not

abuse its discretion in entering a protective order at this time.

On March 12, 1986, a gas explosion occurred near the Hilton Hotel in downtown Fort Worth. Fort Worth Hilton Hotel Limited partners and Metro Hotels, Inc. filed suit in October 1988 against Enserch and Conatser, seeking compensation for structural damage to the hotel allegedly caused by the blast. As we have noted, a non-suit has been taken as to Conatser.

In his order Judge Crowley found that documents of Jack Rosenlund of Rosenlund & Company were privileged and exempt from discovery pursuant to Texas Rules of Civil Procedure 166b(3)(a) and (d). Jack Rosenlund was an expert retained by representatives of the hotel's insurers to assist in the investigation of the blast. At the hearing on the hotel's motion for protective order, there was testimony that he, along with the other experts, was hired in anticipation of litigation. Additionally, Judge Crowley found that several other experts' documents, mental impressions, and opinions were privileged because they were "at [the] time" consulting experts.

We must determine if the trial court reached a decision so arbitrary and unreasonable that it results in a clear and prejudicial error of law. *Flores v. Fourth Court of Appeals*, 777 S.W.2d 38, 39 (Tex. 1989).

■ The Supreme Court of Texas has held that an effort to discover such information, when it is presented before a party has been required by the trial court to designate those experts who may testify at trial, is premature. *Loftin v. Martin*, 776 S.W.2d 145, 147 (Tex.1989). As of the time of Judge Crowley's protective order, the hotel had not been required to designate who its testifying experts would be. Based on the Supreme Court opinion in *Loftin*, we cannot conclude that the trial court's action in protecting the discovery of such information prior to such a designation was so arbitrary and unreasonable as to result in a clear and prejudicial error of law.

In a supplemental brief, Enserch relies on the opinions of the Texas Supreme Court in *Tom L. Scott, Inc. v. McIlhany,* 798 S.W.2d 556 (1990) and *Axelson v. McIlhany*, 798 S.W.2d 550 (1990). We find both of those cases to be distinguishable because in both of those cases there had been a designation as to the status of the witnesses. In this case the hotel has not yet made its designation as to which of its experts are to be testifying witnesses, as opposed to consulting witnesses.

■ Enserch contends that there has been a waiver as to any privilege with respect to some of the information sought. Because we conclude that the trial court's order was only a temporary one pending the designation of testifying expert witnesses and a determination as to any consulting expert's opinion that was to be reviewed by a testifying expert, see Rule 166b(3)(b), Texas Rules of Civil Procedure, we find that our consideration of such issues would be premature, since discovery of the information may be allowed once the trial court requires the appropriate designation to be made.

Accordingly, for the reason stated, we hereby overrule the motion for leave to file the application for writ of mandamus as being improvidently granted.