In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-304 CV


____________________



IN RE THE LINCOLN ELECTRIC COMPANY






Original Proceeding






MEMORANDUM TO CLERK


 You are directed to make the following corrections in the Opinion dated November
7, 2002:

 On page 9, the last paragraph, second line, the word "Respondent's" should be
changed to the word, "Relator's."

 On page 10, the first line, the words "trial court" should be changed to the word,
"Respondent."

 You will give notice of these corrections in the original Opinion by sending a copy
of the corrected pages accompanied by this memorandum to all interested parties who
received a copy of the original Opinion.

 Entered this the 4th day of December, 2002.

 PER CURIAM





In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-304 CV


____________________



IN RE THE LINCOLN ELECTRIC COMPANY







Original Proceeding






OPINION


 We have before us a petition for writ of mandamus filed by The Lincoln Electric
Company, litigant in a suit pending in the 128th District Court of Orange County, Texas,
in Cause Nos. A-920,967-SC(1), A-920,961-SC(27), and A-920,961-SC(26), titled
Abernathy v. Acands, Shepard v. Dresser Industries, Inc., and Drake v. Dresser
Industries, Inc., respectively. Relator seeks a writ compelling the Honorable Patrick A.
Clark, Judge of the 128th District Court, to vacate his order of July 15, 2002, which
granted Real Parties in Interest's (Real Parties) motion for sanctions and finding Relator
waived its claim of privilege to certain items subject to a prior discovery request. 
Contained in Real Parties response to Relator's petition for writ of mandamus is their
argument before this Court, viz: (1) the materials subject to the discovery request were not
privileged to begin with, and (2) even if the materials were privileged, Relator failed to
timely assert the privilege so as to preserve it. 

 The procedural sequence of events is not disputed and appears in the record as
follows:

 1. Real Parties issue to Relator notice of videotaped deposition and
subpoenas duces tecum. Both notice and subpoenas were served on Relator
on April 18, 2002, and provided Relator only 12 days prior notice of the
deposition as well as only 12 days for production of the requested material.


 2. Relator responded by filing two motions for protective orders
complaining that the time and place of the April 30, 2002, deposition was
unreasonable, and that the attempt to shorten the time for responding to the
subpoenas from thirty to eight days was also unreasonable. See Tex. R.
Civ. P. 199.2(b)(5); 196.2(a) & (b).


 3. On the day of Brown's deposition, April 30, 2002, Relator presented to
Real Parties an instrument entitled, "Defendant Lincoln's Objections To
Plaintiffs' Notices Of Videotaped Depositions Of The Person Most
Knowledgeable And Ken Brown And The Respective Subpoenas Duces
Tecum." The crux of this objection is that Real Parties' subpoena was
"overly broad, vague, ambiguous, and not document specific." See Tex. R.
Civ. P. 193.2(a), (b), and (f).


 4. On May 6, 2002, a brief hearing was held by Respondent and at which
the lone issue litigated was apparently Relator's objections that the subpoenas
were very broad, vague, ambiguous, and not document specific. Respondent
ultimately overruled Relator's objections. The resulting written order reads,
in pertinent part: "It if [sic] further ORDERED, ADJUDGED, and
DECREED that [defendant] Lincoln Electric Company produce the
documents requested in the respective Subpoenas Duces Tecum attached [sic]
Plaintiffs' Notice of Videotaped Depositions of the Person with the Most
Knowledge and of Kenneth L. Brown by May 20, 2002." 


 5. On May 20, 2002, Relator presented Real Parties with an instrument
entitled, "The Lincoln Electric Company's Supplemental Response To
Subpoena Duces Tecum To Kenneth L. Brown In Connection With
Deposition Of April 30, 2002." The gist of this supplemental response
raised Relator's claim of privilege to certain information or material the
subject of Real Parties Subpoenas Duces Tecum on the basis of the work
product privilege and/or the attorney-client privilege, and notified Real
Parties that documents claimed to be privileged were being withheld. See
Tex. R. Civ. P. 193.3(a).


 6. Real Parties responded to Relator's claim of privilege with an instrument
entitled, "Plaintiffs' Motion To Compel." A subsequent instrument filed by
Real Parties was entitled, "Plaintiffs' Amended Motion To Compel And
Motion For Sanctions." It is unclear when this instrument was filed, but
apparently a hearing was held on June 24, 2002. It is at this hearing that
Real Parties argued to Respondent that Relator's privilege claim was, among
other things, waived as being untimely. At the conclusion of the hearing,
Respondent made the following observation and ruling:

 THE COURT: You know, we've been in these lawsuits
a lot of years, and I don't know why all of a sudden, there's so
many games, it seems like to the Court, that's being played
when it comes to depositions and quashing and all of these
matters.

 Counsel, you can prepare me an Order granting your
requested relief.

 If you have anything that you have that you feel is
privileged, you will also respond with that information in
camera for the Court. Then the Court will examine and see
whether or not, in fact, that the Court determines that to be
privileged. If so, good for you, if not, then they will get that
information. The information that is not privileged, yes, you
will answer the Order that the Court will sign. 


 7. The Respondent signed an Order, dated June 25, 2002, ordering Relator
to (1) produce to Real Parties "all non-privileged and not previously
produced documents that are responsive to either of the Subpoenas Duces
Tecum . . . ."; (2) produce to the Court "for in-camera inspection all
documents that are responsive to either of the Subpoenas Duces Tecum . .
. and that are the subject of Plaintiffs' motion for which Lincoln Electric
Company claims any privilege . . . ."; and (3) produce a privilege log "that
corresponds to the documents provided for the Court's in-camera inspection
to Plaintiffs' counsel simultaneously with the production of the documents
provided for the Court's in-camera inspection." 

 

 8. Apparently a privilege log was generated and given to Real Parties'
counsel and the Respondent. (1) On July 15, 2002, another hearing took place.
 At this hearing, counsel for Real Parties repeatedly argued that Relator had
waived any claim of privilege and also argued for sanctions. 


 9. An order, signed July 15, 2002, reflects the Respondent's ruling that the
privileges were waived. That order is the subject of the instant cause. 


 We set out the portions of the Texas Rules of Civil Procedure pertinent to the issue
before us:

 193.2. Objecting to Written Discovery

 . . . .

 (f) No Objection to Preserve Privilege. A party should not object to a
request for written discovery on the grounds that it calls for production of
material or information that is privileged but should instead comply with
Rule 193.3. A party who objects to production of privileged material or
information does not waive the privilege but must comply with Rule 193.3
when the error is pointed out.

 

 193.3 Asserting a Privilege

 

 A party may preserve a privilege from written discovery in accordance with
this subdivision. 


 (a) Withholding Privileged Material or Information. A party who
claims that material or information responsive to written discovery is
privileged may withhold the privileged material or information from the
response. The party must state-in the response (or an amended or
supplemental response) or in a separate document-that:

 (1) information or material responsive to the request has been
withheld,

 (2) the request to which the information or material relates,
and 

 (3) the privilege or privileges asserted.


 (b) Description of Withheld Material or Information. After receiving
a response indicating that material or information has been withheld from
production, the party seeking discovery may serve a written request that the
withholding party identify the information and material withheld. Within 15
days of service of that request, the withholding party must serve a response
that: 

 (1) describes the information or materials withheld that,
without revealing the privileged information itself or otherwise
waiving the privilege, enables other parties to assess the
applicability of the privilege, and

 (2) asserts a specific privilege for each item or group of items
withheld.


 (c) Exemption. Without complying with paragraphs (a) and (b), a
party may withhold a privileged communication to or from a lawyer or
lawyer's representative or a privileged document of a lawyer or lawyer's
representative-

 (1) created or made from the point at which a party consults a
lawyer with a view to obtaining professional legal services
from the lawyer in the prosecution or defense of a specific
claim in the litigation in which discovery is requested, and

 (2) concerning the litigation in which the discovery is
requested.


 As the record indicates, Relator's first response in the face of a 12-day notice of
deposition and subpoenas for production was to move for protective orders. Rule 192.6,
entitled "Protective Orders," states: "A person should not move for protection when an
objection to written discovery or an assertion of privilege is appropriate, but a motion
does not waive the objection or assertion of privilege." Tex. R. Civ. P. 192.6(a)
(emphasis added). Following Respondent's adverse ruling, Relator's second response was
to file an objection that the subpoenas were overbroad, vague, ambiguous, and not
document specific. Rule 193.2, entitled "Objecting to Written Discovery," states: "A
party should not object to a request for written discovery on the grounds that it calls for
production of material or information that is privileged but should instead comply with
Rule 193.3. A party who objects to production of privileged material or information
does not waive the privilege but must comply with Rule 193.3 when the error is
pointed out." Tex. R. Civ. P. 193.2(f) (emphasis added). Relator's objections were also
overruled by Respondent. Relator next made its privilege assertion. Rule 193.3, entitled
"Asserting a Privilege," explicitly permits the responding party to "withhold the privileged
material or information from the response," with said "response" to include "an amended
or supplemental response" OR "a separate document." See Tex. R. Civ. P. 193.3(a)
(emphasis added). 

 In considering the above-quoted language taken from Rules 192.6, 193.2, and
193.3, it would appear that significant effort was made by the promulgators of the Rules
to avoid waiver by a party when privileged materials or information may be at issue. We
use the word "may" because we believe that until a trial court has made an express ruling
on a privilege assertion with said ruling pronounced in the context of proceedings
contemplated by Rule 193.4, with evidence on the issue of privilege presented and/or an
in camera inspection of the information or materials claimed to be privileged, the spirit,
if not the letter, of this prophylactic effort by the Rule's promulgators has not been met. 
 It may be argued that Rules 199.2(b)(5) and 196.2(b) control and support the
Respondent's ultimate ruling of "waiver" of Relator's privilege assertion. Rule 199.2
concerns the procedure for noticing an oral deposition, and Rule 199.2(b)(5) states that,
with regard to a request for production accompanying a deposition notice, as was the
situation in the instant case, a party or witness subject to the control of a party must
respond as per the terms of Rules 196 and 193. Rule 196.2 is entitled, "Response to
Request for Production and Inspection," and provides: "(b) Content of Response. With
respect to each item or category of items, the responding party must state objections and
assert privileges as required by these rules, . . ." A less-than-flexible reading of this
language would emphasize the phrase "the responding party must state objections and
assert privileges . . . ." Emphasizing this phrase, it could be argued, requires the
responding part to provide ALL "objections" and "assertions" at the same time. In other
words, a less flexible reading of this rule would require the responding party to raise any
and all objections and any and all assertions of privilege at the very first opportunity to
make a response to a request for production. 

 In keeping with the overall spirit of non-waiver apparent in the applicable discovery
rules set out above, however, we prefer to emphasize the words "as required by these
rules, . . ," which, we believe, permits a responding party the opportunity to make
"objections" to such things as vagueness, overbreadth, relevance, etc., under Rule 193.2,
have these "objections" ruled upon, and then make any assertions of privilege under Rule
193.3 at a later time. Indeed, an "objection" to the scope of discovery would be governed
by Rule 192.3, entitled "Scope of Discovery," and explicitly excludes irrelevant and
privileged matters. Tex. R. Civ. P. 192.3(a). 

 A further example of the promulgators' intent to avoid waiver of assertion of
privilege by a party is contained in Comment 4 to Rule 193, which reads, in pertinent part:

 4. Rule 193.3(d) is a new provision that allows a party to assert a claim
of privilege to material or information produced inadvertently without
intending to waive the privilege. . . . The focus is on the intent to waive the
privilege, not the intent to produce the material or information. A party who
fails to diligently screen documents before producing them does not waive
a claim of privilege. This rule is thus broader than Tex. R. Evid. 511 and
overturns Granada Corp. v. First Court of Appeals, 844 S.W.2d 223 (Tex.
1992), to the extent the two conflict. The ten-day period (which may be
shortened by the court) allowed for an amended response does not run from
the production of the material or information but from the party's first
awareness of the mistake. To avoid complications at trial, a party may
identify prior to trial the documents intended to be offered, thereby
triggering the obligation to assert any overlooked privilege under this rule. 


"Comment - 1999," Tex. R. Civ. P. Ann. 193 (Vernon Supp. 2002) (emphasis added). 
Permitting a party to assert a privilege following an "eleventh-hour" notice by opposing
party of documents intended to be offered at trial appears to take waiver of privilege
assertion almost entirely out of the realm of possibility under the latest version of the
Rules. 

 In the instant case, following Respondent's denial of Relator's motions for
protective order, the fact that Relator's first "response" to Real Parties' subpoenas
duces tecum on April 30, 2002, consisted only of "objections" did not waive Relator's
later assertion of privilege on the information and materials covered by the subpoenas. 
The record reflects that the Respondent apparently was satisfied in going forward and
litigating Relator's assertion as evidenced by what took place during the June 24, 2002,
hearing and subsequent order signed June 25, 2002. Subsequent to those dates, the record
contains no evidence or authority indicating Relator's assertion of the privilege was
untimely or was procedurally deficient in some way so as to have waived it. The record
of the hearing of July 15, 2002, consists of argument by counsel and Respondent ultimately
ruling that Relator had waived its assertion of privilege. Respondent made no ruling on
the existence or non-existence of privilege as to any of the items requested by Real Parties
or submitted for in camera inspection by Relator. 

 Mandamus is an extraordinary remedy that may be utilized only when there is no
adequate appellate remedy. Walker v. Packer, 827 S.W.2d 833, 841 (Tex. 1992). With
regard to issues of discovery, and particularly a claim of privilege, the Texas Supreme
Court has stated:

 [A] party will not have an adequate remedy by appeal when the appellate
court would not be able to cure the trial court's discovery error. This occurs
when the trial court erroneously orders the disclosure of privileged
information which will materially affect the rights of the aggrieved party,
such as documents covered by the attorney-client privilege . . . . As we
noted in Crane [v. Tunks, 160 Tex. 182, 190, 328 S.W.2d 434, 439 (1959)]: 
"After the [privileged documents] had been inspected, examined and
reproduced . . . a holding that the court had erroneously issued the order
would be of small comfort to relators in protecting their papers."


Id. at 843 (some citations omitted).

 The petition for writ of mandamus is conditionally granted. The writ will issue only
if the trial court fails to take appropriate action in accordance with this opinion. 

 WRIT CONDITIONALLY GRANTED.




 ____________________________

 RONALD L. WALKER

 Chief Justice



Submitted on August 8, 2002

Opinion Delivered November 7, 2002

Publish


Before Walker, C.J., Burgess and Gaultney, JJ.




DISSENTING OPINION


 I respectfully dissent. The question is whether, in meshing all the rules, Judge
Clark abused his discretion in determining Lincoln was required to assert its privilege at
the time it objected to the subpoena duces tecum. The majority acknowledges the
requirements of Rules 199.2 (b)(5) and 196.2 (b) but concludes that these rules should be
read with more flexibility than the rules state. Had Lincoln not made any objections,
would it had to assert its privileges at the time of the deposition? I believe so. Therefore,
the making of frivolous objections should not extend the time when Lincoln was required
to assert its privileges. 

 When the trial judge made his determination of waiver, he had before him Lincoln's
objections to the subpoena duces tecum (attached as Appendix One) and its supplemental
response to the subpoena duces tecum (attached as Appendix Two). A comparison of the
two documents shows the former makes an objection, which was ultimately overruled,
while the latter either notes a document was produced or is attached and asserts the
privilege. Common sense dictates that Lincoln either knew, or should have known, what
privileges were to be asserted in the litigation. Requiring them to assert the privilege when
they filed their objections is certainly a reasonable thing under all the rules. For this
reason, the trial judge did not abuse his discretion and certainly did not act arbitrarily. (2) 
Consequently, I respectfully dissent. 




 DON BURGESS

 Justice


Dissent Delivered

November 7, 2002

Publish

CAUSE NO. A-920,967-SC(1)



ROBERT L. ABERNATHY, ET AL. § IN THE DISTRICT COURT OF

 §

VS. § ORANGE COUNTY, TEXAS

 §

ACANDS, INC., ET AL. § 128TH JUDICIAL DISTRICT


CAUSE NO. A-920,961-SC(26)



JAMES MAJOR DRAKE, DECEASED, § IN THE DISTRICT COURT OF

ET AL. § 

 §

VS. § ORANGE COUNTY, TEXAS

 §

DRESSER INDUSTRIES, INC., FORMERLY §

A SUCCESSOR IN INTEREST TO §

HARBISON-WALKER REFRACTORIES §

COMPANY, ET AL. § 128TH JUDICIAL DISTRICT


CAUSE NO. A920,961-SC(27)



ALBERT TYSON SHEPARD, DECEASED, § IN THE DISTRICT COURT OF

ET AL. § 

 §

VS. § ORANGE COUNTY, TEXAS

 §

DRESSER INDUSTRIES, INC., FORMERLY §

A SUCCESSOR IN INTEREST TO §

HARBISON-WALKER REFRACTORIES §

COMPANY, ET AL. § 128TH JUDICIAL DISTRICT


DEFENDANT LINCOLN'S OBJECTIONS TO PLAINTIFFS'


NOTICES OF VIDEOTAPED DEPOSITIONS OF THE PERSON MOST


KNOWLEDGEABLE AND KEN BROWN AND


THE RESPECTIVE SUBPOENAS DUCES TECUM



 COMES NOW, The Lincoln Electric Company ("Defendant Lincoln"), one of the defendants

in the above styled and numbered causes of action, and, pursuant to Texas Rule of Civil Procedure

176, makes and files this its Objections to the Plaintiffs' Notices of Videotaped Depositions of the



APPENDIX ONE



person most knowledgeable and Ken Brown and the respective Subpoenas Duces Tecum and, in

support thereof, would show unto this honorable court as follows:

SUBPOENAS DUCES TECUM-REQUESTED ITEMS

1. and 7. Any and all documents that indicate the identity of any person present during the
manufacturing of asbestos containing welding rods after 1985.


 RESPONSE: Defendant Lincoln objects to this request as it is overly broad, vague, 

 ambiguous, and not document specific. As such, this request is tantamount to a fishing 

 expedition, which has been specifically prohibited by Loftin v. Martin, 776 S.W.2d 145 (Tex.

 1989) and its progeny.


 Defendant Lincoln further objects to this request as it is overly broad and not appropriately

 limited in scope to (1) the time at issue, i.e. the 1987 test and (2) the areas of testimony 

 sought in the Notice of Videotaped Deposition. See: Texaco, Inc. v. Sanderson, 898 S.W.2d

 813 (Tex. 1995) and In Re American Optical Corp., 988 S.W.2d 711 (Tex. 1998). To the 

 extent that this request is not reasonably limited, then it exceeds the scope of discovery as

 defined in Texas Rules of Civil Procedure 192.3(a) as the information that exceeds a 

 reasonable limitation is irrelevant, immaterial, inadmissible, and not reasonably calculated

 to lead to the discovery of admissible evidence.


2. and 8. Any and all documents that indicate the identity of any person present during the

 testing of asbestos-containing welding rods after 1985.


 RESPONSE: Defendant Lincoln objects to this request as it is overly broad, vague, 

 ambiguous, and not document specific. As such, this request is tantamount to a fishing 

 expedition, which has been specifically prohibited by Loftin v. Martin, 776 S.W.2d 145 (Tex.

 1989) and its progeny.


 Defendant Lincoln further objects to this request as it is overly broad and not appropriately

 limited in scope to (1) the time at issue, i.e. the 1987 test and (2) the areas of testimony 

 sought in the Notice of Videotaped Deposition. See: Texaco, Inc. v. Sanderson, 898 S.W.2d

 813 (Tex. 1995) and In Re American Optical Corp., 988 S.W.2d 711 (Tex. 1998). To the 

 extent that this request is not reasonably limited, then it exceeds the scope of discovery as

 defined in Texas Rules of Civil Procedure 192.3(a) as the information that exceeds a 

 reasonable limitation is irrelevant, immaterial, inadmissible, and not reasonably calculated

 to lead to the discovery of admissible evidence.


3. and 9. Any and all documents that indicate a payment to any expert in attendance during the

 manufacturing or testing of asbestos containing welding rods after 1985.


 RESPONSE: Defendant Lincoln to this request as it is overly broad, vague, ambiguous, and

 not document specific. As such, this request is tantamount to a fishing expedition, which has





 been specifically prohibited by Loftin v. Martin, 776 S.W.2d 145 (Tex. 1989) and its

 progeny.


 Defendant Lincoln further objects to this request as it is overly broad and not appropriately

 limited in scope to (1) the time at issue, i.e. the 1987 test and (2) the areas of testimony 

 sought in the Notice of Videotaped Deposition. See: Texaco, Inc. v. Sanderson, 898 S.W.2d

 813 (Tex. 1995) and In Re American Optical Corp., 988 S.W.2d 711 (Tex. 1998). To the 

 extent that this request is not reasonably limited, then it exceeds the scope of discovery as

 defined in Texas Rules of Civil Procedure 192.3(a) as the information that exceeds a 

 reasonable limitation is irrelevant, immaterial, inadmissible, and not reasonably calculated

 to lead to the discovery of admissible evidence.


4. and 10. Any and all documents that indicate any invoice from all experts, if any, who tested

 asbestos containing welding rods for Lincoln Electric Company after 1985.


 RESPONSE: Defendant Lincoln objects to this request as it is overly broad, vague, 

 ambiguous, and not document specific. As such, this request is tantamount to a fishing 

 expedition, which has been specifically prohibited by Loftin v. Martin, 776 S.W.2d 145 (Tex.

 1989) and its progeny.


 Defendant Lincoln further objects to this request as it is overly broad and not appropriately

 limited in scope to (1) the time at issue, i.e. the 1987 test and (2) the areas of testimony 

 sought in the Notice of Videotaped Deposition. See: Texaco, Inc. v. Sanderson, 898 S.W.2d

 813 (Tex. 1995) and In Re American Optical Corp., 988 S.W.2d 711 (Tex. 1998). To the 

 extent that this request is not reasonably limited, then it exceeds the scope of discovery as

 defined in Texas Rules of Civil Procedure 192.3(a) as the information that exceeds a 

 reasonable limitation is irrelevant, immaterial, inadmissible, and not reasonably calculated

 to lead to the discovery of admissible evidence.


5. and 11. Any and all asbestos containing welding rods that were manufactured after 1985, that 

 is (sic) in the actual or constructive possession of Lincoln Electric Company.


 RESPONSE: Defendant Lincoln objects to this request as it is overly broad and not 

 appropriately limited in scope to (1) the time at issue, i.e. the 1987 test and (2) the areas of

 testimony sought in the Notice of Videotaped Deposition. See: Texaco, Inc. v. Sanderson,

 898 S.W.2d 813 (Tex. 1995) and In Re American Optical Corp., 988 S.W.2d 711 (Tex.

 1998). To the extent that this request is not reasonably limited, then it exceeds the scope of 

 discovery as defined in Texas Rules of Civil Procedure 192.3(a) as the information that 

 exceeds a reasonable limitation is irrelevant, immaterial, inadmissible, and not reasonably 

 calculated to lead to the discovery of admissible evidence


6. and 12. If no welding rods such as described in item 5 remain in the possession of Lincoln

 Electric Company, please bring any document that indicates:



 the date the rods were disposed of




 the number of whole or partial rods that were disposed of after testing was
completed;
 the present location where the rods can reasonable be expected to be found; 


 and


 the name of the person(s) who was last known or believed to have possession


 of the rods.


 RESPONSE: Defendant Lincoln objects to this request as it is overly broad, vague, 

 ambiguous, and not document specific. As such, this request is tantamount to a fishing 

 expedition, which has been specifically prohibited by Loftin v. Martin, 776 S.W.2d 145 (Tex.

 1989) and its progeny.


 Defendant Lincoln further objects to this request as it is overly broad and not appropriately

 limited in scope to (1) the time at issue, i.e. the 1987 test and (2) the areas of testimony 

 sought in the Notice of Videotaped Deposition. See: Texaco, Inc. v. Sanderson, 898 S.W.2d

 813 (Tex. 1995) and In Re American Optical Corp., 988 S.W.2d 711 (Tex. 1998). To the 

 extent that this request is not reasonably limited, then it exceeds the scope of discovery as

 defined in Texas Rules of Civil Procedure 192.3(a) as the information that exceeds a 

 reasonable limitation is irrelevant, immaterial, inadmissible, and not reasonably calculated

 to lead to the discovery of admissible evidence.


 Respectfully Submitted,


 STRONG PIPKIN BISSELL & LEDYARD, L.L.P.



 /S/ JOHN G. BISSELL 

 John G. Bissell

 Texas Bar No. 02356000

 John W. Bridger

 Texas Bar No. 02975860

 1111 Bagby, Suite 2300

 Houston, Texas 77002

 (713) 651-1900

 (713) 651-1920-Facsimile


 ATTORNEYS FOR DEFENDANT,

 LINCOLN ELECTRIC COMPANY

CERTIFICATE OF SERVICE



 This will verify that a true and correct copy of the foregoing document has been forwarded

to Plaintiffs' counsel by hand delivery to Glen Morgan, Reaud, Morgan & Quinn, 801 Laurel

Avenue, Beaumont, Texas 77701, by certified mail, return receipt requested, to J. William Lewis,
Environmental Litigation Group, P.C., 3529 7th Avenue South, Birmingham, Alabama 35222, and 

Karl Novak, Ness, Motley, Loadholt, Richardson & Poole, 28 Bridgeside Boulevard, Mount 

Pleasant, South Carolina 29465 and to all other counsel of record (without exhibits) by e-mail on 

this 30th day of April, 2002.


 /s/ JOHN G. BISSELL 

 John G. Bissell


CAUSE NO. A-920,967-SC(1)



ROBERT L. ABERNATHY, ET AL. § IN THE DISTRICT COURT OF

 §

v. § ORANGE COUNTY, TEXAS

 §

ACandS, INC., ET AL. § 128TH JUDICIAL DISTRICT


CAUSE NO. A-920,961-SC(26)



JAMES MAJOR DRAKE, § IN THE DISTRICT COURT OF

DECEASED, ET AL § 

 §

v. § ORANGE COUNTY, TEXAS

 §

DRESSER INDUSTRIES, INC., §

FORMERLY A SUCCESSOR-IN- §

INTEREST TO HARBISON-WALKER §

REFRACTORIES COMPANY, ET AL. § 128TH JUDICIAL DISTRICT


CAUSE NO. A-920,961-SC(27)



ALBERT TYSON SHEPARD, § IN THE DISTRICT COURT OF 

DECEASED, ET AL. § 

 §

v. § ORANGE COUNTY, TEXAS

 §

DRESSER INDUSTRIES, INC., §

FORMERLY A SUCCESSOR-IN- §

INTEREST TO HARBISON-WALKER §

REFRACTORIES COMPANY, ET AL. § 128TH JUDICIAL DISTRICT


THE LINCOLN ELECTRIC COMPANY'S SUPPLEMENTAL RESPONSE


TO SUBPOENA DUCES TECUM TO KENNETH L. BROWN


IN CONNECTION WITH DEPOSITION OF APRIL 30, 2002



 The Lincoln Electric Company makes this supplemental response to the subpoena duces 

tecum served in connection with the taking of the deposition of Kenneth L. Brown April 30, 

2002 as follows:



APPENDIX TWO



 Any and all documents that indicate the identity of any person present during the 


 manufacturing of asbestos containing welding rods after 1985.


RESPONSE: Please find attached document Bates No. LIABERMAR 0062. With the exception

of this document, all responsive documents in the possession, custody or control of Kenneth L.

Brown were produced at Mr. Brown's deposition April 30, 2002. Defendant Lincoln Electric

Company is withholding information or material which may be responsive to this request on the

basis of the work product privilege and/or attorney-client privilege. Tex. R. Civ. P. 193.3(a).


 Any and all documents that indicate the identity of any person present during the testing of


 asbestos-containing welding rods after 1985.


RESPONSE: All responsive documents in the possession, custody or control of Kenneth L. Brown


were produced at Mr. Brown's deposition April 30, 2002. Defendant Lincoln Electric Company is 


withholding information or material which may be responsive to this request on the basis of the work


product privilege and/or attorney-client privilege. Tex. R. Civ. P. 193.3(a).



 Any and all documents that indicate a payment to any expert in attendance during the


 manufacturing or testing of asbestos-containing welding rods after 1985.


RESPONSE: All responsive documents in the possession, custody or control of Kenneth L. Brown


were produced at Mr. Brown's deposition April 30, 2002. Defendant Lincoln Electric Company is


withholding information or material which may be responsive to this request on the basis of the work


product privilege and/or attorney-client privilege. Tex. R. Civ. P. 193.3(a).



 Any and all documents that indicate any invoice from all experts, if any, who tested


 asbestos-containing welding rods for Lincoln Electric after 1985.


RESPONSE: Please find attached a document Bates No. LIABERMAR 0061. With the exception 


of this document, all responsive documents in the possession, custody or control of Kenneth L.


Brown were produced at Mr. Brown's deposition April 30, 2002. Defendant Lincoln Electric





Company is withholding information or material which may be responsive to this request on the


basis of the work product privilege and/or attorney-client privilege.



 Any and all asbestos containing welding rods that were manufactured after 1985, that is [sic]


 in the actual or constructive possessive of Lincoln Electric Company.


RESPONSE: No responsive items are in the possession, custody or control of Kenneth L. Brown.


Defendant Lincoln Electric Company is withholding information or material which may be

 

responsive to this request on the basis of the work product privilege and/or attorney-client privilege.


Tex. R. Civ. P. 193.3(a).



 If no welding rods such as described in Item 5 remain in the possession of Lincoln Electric


 Company, please bring any document that indicates:



 
 The date the rods were disposed of;
 The number of whole or partial rods that were disposed of after testing was
 


 completed;


 
 The present location where the rods can reasonably be expected to be found; and
 The name of the person(s) who was last known or believed to have possession of the
 


 rods.


RESPONSE: No responsive items are in the possession, custody or control of Kenneth L. Brown.


Defendant Lincoln Electric Company is withholding information or material which may be 


responsive to this request on the basis of the work product privilege and/or attorney-client privilege.


Tex. R. Civ. P. 193.3(a).



 Respectfully Submitted,


 STRONG PIPKIN BISSELL & LEDYARD, L.L.P.



 /S/ JOHN G. BISSELL 

 John G. Bissell

 State Bar No. 02356000

 Michael L. Samford

 State Bar No. 17555650

 John W. Bridger

 State Bar No. 02975860

 1111 Bagby, Suite 2300

 Houston, Texas 77002

 (713) 651-1900

 (713) 651-1920-Facsimile


 ATTORNEYS FOR DEFENDANT,

 LINCOLN ELECTRIC COMPANY





CERTIFICATE OF SERVICE



 This will certify that a true and correct copy of the foregoing pleading has been furnished to

counsel for plaintiff, Mr. Glen Morgan, Reaud, Morgan & Quinn, Inc., 801 Laurel Street, Post Office

Box 26005, Beaumont, Texas 77701-6005, via facsimile and to all other counsel of record by e-mail 

transmission only on this 20 day of May, 2002.



 /s/ JOHN G. BISSELL 

 John G. Bissell


CAUSE NO. A-920,967-SC(1)



ROBERT L. ABERNATHY, et al. § IN THE DISTRICT COURT OF

 §

v. § ORANGE COUNTY, TEXAS

 §

ACandS, INC., et al. § 128TH JUDICIAL DISTRICT


CAUSE NO. A-920,961-SC(26)



JAMES MAJOR DRAKE, § IN THE DISTRICT COURT OF

DECEASED, et al § 

 §

v. § ORANGE COUNTY, TEXAS

 §

DRESSER INDUSTRIES, INC., §

FORMERLY A SUCCESSOR-IN- §

INTEREST TO HARBISON-WALKER §

REFRACTORIES COMPANY, et al. § 128TH JUDICIAL DISTRICT


CAUSE NO. A-920,961-SC(27)



ALBERT TYSON SHEPARD, § IN THE DISTRICT COURT OF 

DECEASED, et al. § 

 §

v. § ORANGE COUNTY, TEXAS

 §

DRESSER INDUSTRIES, INC., §

FORMERLY A SUCCESSOR-IN- §

INTEREST TO HARBISON-WALKER §

REFRACTORIES COMPANY, et al. § 128TH JUDICIAL DISTRICT



THE LINCOLN ELECTRIC COMPANY'S SUPPLEMENTAL RESPONSE TO


PLAINTIFF'S NOTICE OF VIDEOTAPED DEPOSITION SUBPOENA DUCES TECUM



 The Lincoln Electric Company makes this supplemental response to the subpoena duces


tecum served in connection with the taking of the deposition of "the person(s) most knowledgeable 


about the testing of welding rods by Lincoln Electric Company in 1977, and the manufacture and


testing of asbestos containing welding rods in approximately 1987" on April 30, 2002, as follows:






[Note: This subpoena begins with 7]



 Any and all documents that indicate the identity of any person present during the


 manufacturing of asbestos containing welding rods after 1985.


RESPONSE: Please find attached a document Bates No. LIABERMAR 0062. With the


exception of this document, all responsive non-privileged documents were produced at the


deposition April 30, 2002. Defendant Lincoln Electric Company is withholding information or


material which may be responsive to this request on the basis of the work product privilege and/or


attorney-client privilege. Tex. R. Civ. P. 193.3(a).



 Any and all documents that indicate the identity of any person present during the testing of


 asbestos-containing welding rods after 1985.


RESPONSE: All responsive non-privileged documents were produced at the deposition


April 30, 2002. Defendant Lincoln Electric Company is withholding information or material which 


may be responsive to this request on the basis of the work product privilege and/or attorney-client


privilege. Tex. R. Civ. P. 193.3(a).



 Any and all documents that indicate a payment to any expert in attendance during the


 manufacturing or testing of asbestos-containing welding rods after 1985.


RESPONSE: Defendant Lincoln Electric Company is withholding information or material


which may be responsive to this request on the basis of the work privilege and/or attorney-


client privilege. Tex. R. Civ. P. 193.3(a).



 Any and all documents that indicate any invoice from all experts, if any, who tested


 asbestos-containing welding rods for Lincoln Electric after 1985.


RESPONSE: Please find attached document Bates Nos. LIABERMAR 0061 and 0063.


With the exception of these documents, all responsive non-privileged documents were produced at


the deposition on April 30, 2002. Defendant Lincoln Electric Company is withholding information





or material responsive to this request on the basis of the work product privilege and/or attorney-client


privilege. Tex. R. Civ. P. 193.3(a).



 Any and all asbestos containing welding rods that wee manufactured after 1985, that is [sic]


 in the actual or constructive possession of Lincoln Electric Company.


RESPONSE: Defendant Lincoln Electric Company is withholding information or material


which may be responsive to this request on the basis of the work product privilege and/or attorney-


client privilege. Tex. R. Civ. P. 193.3(a).



 If no welding rods such as described in Item 5 remain in the possession of Lincoln Electric


 Company, please bring any document that indicates:



 
 The date the rods were disposed of;
 The number of whole or partial rods that were disposed of after testing was
 


 completed;


 
 The present location where the rods can reasonably be expected to be found; and
 The name of the person(s) who was last known or believed to have possession of the
 


 rods.


RESPONSE: Defendant Lincoln Electric Company is withholding information or material


which may be responsive to this request on the basis of the work product privilege and/or attorney-


client privilege. Tex. R. Civ. P. 193.3(a).




 Respectfully Submitted,


 STRONG PIPKIN BISSELL & LEDYARD, L.L.P.



 /S/ JOHN G. BISSELL 

 John G. Bissell

 State Bar No. 02356000

 Michael L. Samford

 State Bar No. 17555650

 John W. Bridger

 State Bar No. 02975860

 1111 Bagby, Suite 2300

 Houston, Texas 77002

 (713) 651-1900

 (713) 651-1920-Facsimile


 ATTORNEYS FOR DEFENDANT,

 LINCOLN ELECTRIC COMPANY





CERTIFICATE OF SERVICE



 This will certify that a true and correct copy of the foregoing pleading has been furnished to

counsel for plaintiff, Mr. Glen Morgan, Reaud, Morgan & Quinn, Inc., 801 Laurel Street, Post Office

Box 26005, Beaumont, Texas 77701-6005, via facsimile and to all other counsel of record by e-mail 

transmission only on this 20 day of May, 2002.



 /s/ JOHN G. BISSELL 

 John G. Bissell
1. We have before us, under seal, certain documents apparently produced by Relator
for Respondent's in-camera inspection. 
2. The trial judge is extremely experienced in multi-party toxic tort litigation.