**WEISEL ENTERPRISES, INC., d/b/a Builders' Choice, Relator,**

v.

**The Honorable Peter Michael CURRY, Respondent.**

**No. C–5730.**

Supreme Court of Texas.

Oct. 22, 1986.

Ann Livingston and Ted D. Lee, Gunn, Lee & Jackson, San Antonio, for relator.

R. Laurence Macon, Cook & Smith, Inc., San Antonio, Marvin A. Tenenbaum, Alexander, Unidel, Bloom, Zalewa & Tenenbaum, Ltd., Chicago, Ill., for respondent.

PER CURIAM.

The issue in this original mandamus proceeding is whether the trial court abused its discretion in withholding certain documents from discovery, as privileged, absent an *in camera* inspection or other evidence justifying the privilege. In a split decision, the court of appeals denied relator's request for mandamus relief, holding that it was purely within the trial court's discretion whether or not to examine the documents *in camera* prior to denying discovery. *Weisel Enterprises, Inc. d/b/a Builders' Choice v. Curry,* 718 S.W.2d 50 (Tex.App.—San Antonio 1986, orig. proceeding). The dissent argued that the central issue was not the absence of an *in camera* inspection, but whether, absent such review of the allegedly privileged documents, there was any evidence of privilege to sustain the trial court's order denying discovery. The dissent's view is the correct one. We hold that the trial court abused its discretion and conditionally grant the writ.

The history of discovery in the underlying lawsuit is discussed in some detail by

the dissenting justice in the court of appeals and will not be repeated at length here. The hearing which produced the discovery order in question was initiated by the motion of plaintiff, Weisel Enterprises, Inc. This motion asked for an *in camera* inspection of documents the defendant, Builders Square, Inc., claimed to be privileged. Builders Square resisted the motion and supported its claims of privilege by submitting a list of 132 documents with a summary description of each document. Preceding the list was the title:

DEFENDANT'S REVISED LIST OF

ATTORNEY–CLIENT

ATTORNEY WORK–PRODUCT
DOCUMENTS

Weisel argued that any privilege attached to any particular document had been waived by disclosure to third parties and further asked that the trial court conduct an *in camera* inspection to determine whether or not the documents were, in fact, privileged.

The purpose of Weisel's motion was to compel discovery of the documents Builders Square alleged to be privileged. By order dated May 16, 1986, the trial court denied Weisel's motion and, in effect, sustained Builders Square's claims of privilege. Thereafter, the court of appeals denied Weisel mandamus relief, holding that the trial court had no mandatory duty to conduct an *in camera* inspection prior to its ruling because whether or not "to conduct an *in camera* inspection of documents claimed to be privileged is purely an exercise of discretion." 718 S.W.2d at 52. We disagree.

■ The party who seeks to limit discovery by asserting a privilege has the burden of proof. *Jordan v. Fourth Court of Appeals*, 701 S.W.2d 644, 648–649 (Tex. 1985). It was therefore Builders Square's burden to produce some evidence supporting its claims of privilege. A trial judge, who denies discovery in the absence of evidence substantiating the claim of privilege, abuses his discretion. *See Lindsey v.*

*O'Neill*, 689 S.W.2d 400 (Tex.1985); *Giffin v. Smith*, 688 S.W.2d 112 (Tex.1985).

■ In *Peeples v. Fourth Court of Appeals*, 701 S.W.2d 635 (Tex.1985) we outlined the procedure to be followed by a party seeking to exclude documents from discovery. Although the claims in *Peeples* concerned relevancy and a party's right to privacy, the same procedure applies to claims of privilege. Any party who seeks to exclude documents from discovery must specifically plead the particular privilege, immunity or exclusion applicable to the document in question and produce evidence supporting such claim. The trial court must then determine whether an *in camera* inspection is necessary, and, if so, the party seeking protection must segregate and produce the documents to the court. Under certain circumstances, such as when relevancy or harassment is the basis for protection, affidavits or live testimony may be sufficient proof. When, however, the claim for protection is based on a specific privilege, such as attorney-client or attorney work product, the documents themselves may constitute the only evidence substantiating the claim of privilege.

■ In the present case, the summary listing of documents under the heading "Attorney-Client/Attorney Work-Product" was no evidence that any particular document was protected by a specific privilege. It was merely an unverified, global allegation that the list of documents was protected by one or both privileges. Under the facts of this case, the trial court had no choice but to review the allegedly privileged documents *in camera*, prior to its ruling, because it was asked to make an *in camera* review, and there was no evidence other than the documents themselves which substantiated Builders Square's claims of privilege.

Because there was no evidence of privilege, the trial court abused its discretion in denying discovery. *Lindsey v. O'Neill, supra; Giffin v. Smith, supra*. The trial court should therefore vacate its order of May 16, 1986. We conditionally grant rela-

tor's motion for leave to file petition for writ of mandamus, without hearing oral argument. TEX.R.APP.P. 122. We are confident the trial court will vacate its order, but in the event it should fail to do so, the Clerk will issue the necessary writ.