**STATE FARM INSURANCE, Relator,**

**v.**

**The Honorable Homer SALINAS, District Judge for the 92nd Judicial District of Hidalgo County, Texas, Respondent.**

**No. 13–89–027–CV.**

Court of Appeals of Texas,
Corpus Christi.

Feb. 23, 1989.

John Milano, Jr., San Antonio, Portia J. Bott, Corpus Christi, Jose L. Gamez, McAllen, for relator.

Ezequiel Reyna, Jr., Weslaco, Joe E. Garcia, McAllen, Homer Salinas, Edinburg, for respondent.

Before NYE, C.J., and KENNEDY and BENAVIDES, JJ.

## OPINION

NYE, Chief Justice.

The issue in this original mandamus proceeding is whether the trial court abused its discretion in denying Relator's motion for protective order without either allowing Relator to introduce evidence on a claimed privilege or conducting an *in camera* inspection of the alleged privileged materials. We conditionally grant the writ.

On December 18, 1988, State Farm Insurance Company, the Relator, filed a motion for protective order in response to notices for depositions and subpoenas duces tecum in which the plaintiff in the underlying cause requested production of information and documents that State Farm claims were either not discoverable or privileged. The record reflects that State Farm agreed to produce the documents requested in the subpoenas duces tecum except those enumerated items marked eight, nine and eighteen which were the items the parties could not agree upon. These items which plaintiff sought production of were: 1) all materials which set forth State Farm's procedures for handling, processing and investigating claims; and 2) any documents or reports prepared and furnished to State Farm or their attorney which contained opinions, reasons and conclusions regarding the plaintiff or her claim.

In its motion for protective order, State Farm pleaded that plaintiff had requested: 1) information collected subsequent to the occurrence which was privileged under Tex.R.Civ.P. 166b(3), 2) materials containing statements taken from persons with knowledge of relevant facts concerning this lawsuit, or witnesses to the subject accident, privileged under Tex.R.Civ.P. 166b(3)(c), and 3) materials which constituted attorney work product, privileged under Tex.R.Civ.P. 166b(3)(a). State Farm also pleaded and argued at the hearing on the motion for protective order that items requested under numbers eight and nine of the subpoenas duces tecum were proprietary and constituted trade secrets and were privileged under Tex.R.Civ.P. 166b(3)(e). State Farm requested an *in camera* inspection of those items. State Farm agreed to produce everything requested in number eighteen, except information which was protected by attorney-client privilege. The trial judge responded that he would determine whether the information was privileged. However, the court neither looked at the material nor heard evidence on State Farm's claims.

Any party who seeks to exclude documents from discovery must specifically plead the particular privilege, immunity or exclusion applicable to the document in question and produce evidence supporting the claim. *Weisel Enterprises, Inc. v. Curry*, 718 S.W.2d 56, 58 (Tex.1986); Tex. R.Civ.P. 166b(4). The trial court must then determine whether an *in camera* inspec-

tion is necessary. When the claim for protection is based on a specific privilege, such as attorney-client or attorney work product, the documents themselves may constitute the only evidence substantiating the claim of privilege. *Id.*

Here, State Farm requested that the court make an *in camera* inspection of the items that they claimed dealt with trade secrets and in which they claimed a proprietary interest. State Farm also asserted that it was entitled to present testimony in order to prove a claimed privilege.

The record before us shows that State Farm specifically pleaded the immunity from discovery relied upon, was prepared to go forward with evidence to establish their entitlement to the protection sought and offered to the court the documents for an *in camera* inspection. The trial court refused. We find that the trial court abused its discretion by neither allowing testimony nor making an *in camera* inspection to substantiate their claims. *Garcia v. Peeples,* 734 S.W.2d 343, 345 (Tex.1987).

Accordingly, we conditionally grant the writ and request the trial court to: a) rescind its order denying State Farm's Motion for Protective Order on the three enumerated items not agreed upon; b) allow presentation of evidence in support of the motion; and, c) if necessary, conduct an *in camera* inspection of the questioned documents.

The issue before us is a very narrow one and we express no opinion on the discoverability of the items for which protection is sought. We are confident that the Honorable Homer Salinas, Judge of the 92nd District Court, will abide by our decision. A writ of mandamus will issue only if he fails to do so.

Relator's petition for writ of mandamus is hereby CONDITIONALLY GRANTED.