Cause No















 

Cause
No. 14-06-00727-CV, Petition for Writ of Mandamus Conditionally Granted; Cause No.
14-06-00750-CV, Petition for Writ of Mandamus Denied; Opinion filed October 10,
2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00727-CV

NO. 14-06-00750-CV

____________

 

IN RE STRATEGIC IMPACT CORPORATION, KIM O. BRASCH, 

and
MARIA C. FLOUDAS, Relators

 

 





 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 





 

O P I N I
O N

 

Relators,
Strategic Impact Corporation, Kim O. Brasch, and Maria C. Floudas, filed two
separate petitions for writ of mandamus in this Court, claiming that respondent,
the Honorable Tony Lindsay, presiding judge of the 280th District Court, Harris
County, Texas, abused her discretion by (1) denying relators= motion to review documents in
camera; and (2) excluding the testimony of relators= witness, Gregory O=Riordan, from trial.  See
Tex. Gov=t Code Ann. ' 22.221 (Vernon 2004); see also Tex. R. App. P. 52.  Relators also
filed a motion to stay the trial court proceedings, which we granted by order
dated August 24, 2006, pending our disposition of the mandamus petition.[1]  For the
reasons discussed below, we conditionally grant the writ as to Cause No.
14-06-00727-CV, concerning relators= motion to review documents in
camera, and deny the petition for writ of mandamus in Cause No. 14-06-00750-CV,
concerning Gregory O=Riordan=s testimony.  

Background and Procedural History

Kim O.
Brasch and Maria C. Floudas, husband and wife, own a consulting firm, Strategic
Impact Corporation.  Relators entered into a series of agreements with real
parties in interest, Big Dog Logistics, Inc., its related entities, its
president, Kirk Lane, and its chief executive officer, Daniel Kirk
(collectively, ABDLI@).  Under the agreements, relators were to assist BDLI
in obtaining and maintaining company clients.[2]  A
dispute arose between the parties, and relators filed suit against BDLI for
breach of contract, fraud, breach of fiduciary duty,
conspiracy, theft, and declaratory judgment.

Cause No. 14-06-00727-CV: 

Motion to Review Documents in Camera

 

During
the course of the suit, relators anonymously received three separate packages
of documents that were illegally obtained from BDLI.  Relators brought the
documents to their attorney at the time, Jerry Young.  While reviewing the
documents, Young realized that some were privileged.  He advised BDLI=s counsel, Bill Underwood, of the
delivery of the documents.  Scott Weiss, a non-party attorney identified
as BDLI=s general counsel, but acting as
counsel for Deutsche Post Global Mail, Ltd. (AGlobal Mail@), one of the client companies at
issue in the suit, filed an ex parte application for a temporary restraining
order, which was heard by the Honorable Grant Dorfman on June 9, 2006.[3] 

At the
hearing before Judge Dorfman, a portion of which was ex parte, Weiss and
Underwood presented the illegally obtained documentsBBaccording to Weiss, 256 of themBBon a disk.  Some of the
documents were identified on the record as follows: 

(1)  one (or more) pertained to a case Weiss had pending in the
11th District Court;
             

(2)  communications between Weiss and Global Mail=s general counsel, Maria Gonzalez; 

(3)  emails concerning the subject case between Underwood and
Daniel Kirk; 

(4) 
Weiss=s resume; 

(5)  various financial information regarding Kirk Lane
; 

(6)  bank information (unidentified); 

(7)  salary structure and bonuses (presumably of BDLI); 

(8) 
American Express credit card receipts for Lane, reimbursed by BDLI;

(9)  a Afair amount@ of
documents pertaining to Global Mail;

(10)  pricing information and tax information (presumably from
BDLI); 

(11)  a draft transportation service
contract between BDLI and Global Mail; and

(12)  emails between
Weiss and Daniel Kirk regarding a vendor relationship.[4]

 

At the
conclusion of the hearing, Judge Dorfman noted that the documents did, in fact,
contain privileged information, such as attorney-client correspondence, draft
work product, and pricing information, but acknowledged that relators wanted
some of the relevant emails to be produced to them.[5]  To that
end, Judge Dorfman suggested relators file a motion for in camera review with
Judge Lindsay, in whose court the case was pending.  On June 23, 2006, a
hearing on the TRO was conducted, at which time the relators turned over all
the documents to Judge Lindsay.  Also, on that date, the trial court
granted Young=s motion to withdraw as relators= attorney.[6]
        

Relators
subsequently filed a motion requesting the anonymously produced documents be
reviewed in camera so that the discoverableBBand requestedBBdocuments could be produced.  In
its response to the motion, BDLI claimed the documents were confidential. 
On August 4, the trial court held a hearing on several motions filed by
relators, including the motion to review in camera and a motion to compel. 
During the hearing, regarding the motion to review, the trial court stated as
follows to relators= new counsel: 

COURT:  
Okay.  You understand that the reason that I even have these in-camera is
that the Plaintiffs were BB should not have ever had them to start with and
whether or not they actually stole them or somebody else stole them, I=ve already informed the prior counsel . . . that it
all had to be returned and it could not be used.  So there=s nothing to inspect in-camera unless you want to figure
out whether they returned it all or not. 

* * * * 

COURT:   Okay.  If the only reason that
you know to ask specifically is because you were looking at stolen documents,
then I=m sorry, but you still can=t ask specifically and the Motion . .
. is denied.

 

An order denying the
motion to review in camera was signed on August 11, 2006.[7]

In their
mandamus petition, relators argue that Judge Lindsay=s refusal to conduct an in camera review
of the illegally-obtained documents is an abuse of discretion for which they
have no adequate remedy by appeal because some of the documents are
discoverable and their inability to discover the documents severely compromises
their ability to present their claims.  They contend that Judge Lindsay
denied the motion based only on the conclusion the documents were stolen and,
therefore, her ruling effectively creates a new Acivil exclusionary rule@ that is not supported under Texas law.  Real
parties argue that the documents were never properly requested and, as to the
only potentially proper request, BDLI=s objections were sustained. 

 

In civil
cases, even illegally obtained evidence may be admissible at trial.  See State v. Taylor, 721 S.W.2d 541, 551 (Tex. App.CTyler 1986, writ ref=d n.r.e.) (AEvidence illegally obtained is
admissible in civil cases under the common‑law rule.@); Sims v. Cosden
Oil & Chem. Co., 663 S.W.2d 70, 73 (Tex. App.CEastland 1983, writ ref=d n.r.e.) (A[C]ourts do not concern themselves
with the method by which a party to a civil suit secures evidence pertinent and
material to the issues involved . . . hence evidence which is otherwise
admissible may not be excluded because it has been illegally and wrongfully
obtained.@).  And, generally, all relevant evidence that is not privileged is
discoverable.  See Tex. R.
Civ. P. 192.3.  Because of this, the party resisting discovery has
the burden to plead and prove any privilege claimed.  See
Huie v. DeShazo, 922 S.W.2d 920, 926 (Tex. 1996); Arkla, Inc. v. Harris,
846 S.W.2d 623, 629 (Tex. App.CHouston
[14th Dist.] 1993, no writ).  The trial court determines whether an
in camera inspection is necessary at that point, and if so, the documents are
produced to the court.  See Arkla, 846 S.W.2d at
631.  Once a prima facie case for the privilege is established and
the documents are tendered, the trial court Amust conduct an in camera inspection
of those documents before deciding whether to compel or deny production.@ 
Id. 
The trial court abuses its discretion in refusing to conduct an in camera
inspection when such review is critical to the evaluation of a privilege
claim.  In re E.I. DuPont de Nemours & Co., 136 S.W.3d 218, 223
(Tex. 2004); see
In re Ching, 32 S.W.3d 306, 310, 313 (Tex. App.CAmarillo 2000, orig. proceeding)
(examining whether the trial court abused its discretion in failing to conduct
an in camera review).

 

Here, in
its response to relators= motion to review in camera, BDLI stated that the documents
were confidential communications; however, BDLI did not attach any evidence to
the response nor a listing of the privileged nature of the documents. 
Also, the mandamus record includes an agreed confidentiality order between the
parties that facilitates the disclosure of documents deemed to be
confidential.  Further, although BDLI argues otherwise, the record
reflects that the trial court=s denial of relators= motion to review the documents in
camera was based on the fact the documents were stolenCby whom the record does not showCand not because the documents were
determined to be confidential.  This is contrary to Texas law and constitutes an abuse of
discretion.  See, e.g., Weisel Enters., Inc. v. Curry, 718
S.W.2d 56, 58 (Tex.
1986) (AA trial judge, who denies discovery
in the absence of evidence substantiating the claim of privilege, abuses his
discretion.@).[8]  Also, in
their mandamus petition, relators cite to several discovery requests they claim
cover some of the illegally obtained documents and argue that more specific
requests are not feasible given they no longer have the documents and can only
go by a mere recollection of the documents.  The record indicates that
some of the documents may be responsive to relators= discovery requests.  And, in
its response to relators= motion to review the documents in camera, BDLI agreed to
produce any non-privileged, responsive documents if they had not been
previously provided.  Under these circumstances, an in camera review seems
the most prudent course.

Relators
further contend that some of the documents evidence BDLI=s receipt of profits from Global Mail
and DHL, client accounts that are directly at issue in the underlying suit, and
that the documents show BDLI has withheld and Adoctored@ records pertinent to disputed client
accounts.  Thus, because the trial court=s denial to examine the documents in
camera may vitiate relators= ability to present their claims, relators do not have an
adequate remedy by appeal under these circumstances.[9]  See
In re Allstate County Mut. Ins. Co., 85 S.W.3d 193,
196 (Tex. 2002) (stating that when a trial
court=s discovery ruling severely
compromises or vitiates a party=s ability to present their claims at trial, appeal is not an
adequate remedy); Walker v. Packer, 827 S.W.2d 833, 843 (Tex. 1992).   

In sum,
because we conclude that the trial court=s denial of relators= motion to review documents in camera
was an abuse if discretion for which relators do not have an adequate remedy by
appeal, we conditionally grant the petition for writ of mandamus in Cause No.
14-06-00727-CV.  We are confident Judge Lindsay will comply with this
opinion and review the documents at issue to determine which, if any, are
discoverable in this case.  We turn to Cause No. 14-06-00750-CV.

Cause No. 14-06-00750: 

Testimony of Gregory O=Riordan

 

In Cause
No. 14-06-00750-CV, relators argue that the ruling by which the trial court,
excluded Gregory O=Riordan=s testimony from trial, is an abuse of discretion because the
trial court did so based on the conclusion that relators should have contacted
opposing counsel when they failed to appear for an earlier deposition. 
They argue that real parties did not file a motion to quash that deposition
and, therefore, real parties were not entitled to the relief granted by the
trial court.  

O=Riordan=s deposition was noticed for April
13, 2006.  When BDLI=s counsel did not show up for the scheduled deposition,
relators= counsel waited thirty minutes,
verified that BDLI had been served with the notice, and then proceeded to take
O=Riordan=s deposition.  Shortly
thereafter, BDLI filed a AMotion to Strike Witness@ claiming, in part, that it was not
properly notified of the deposition, and relators= attorney did not attempt to contact
BDLI=s counsel before taking the
deposition.[10] 
On May 5, 2006, a hearing was held on BDLI=s motion.  The trial court
stated it would not strike O=Riordan=s testimony at that point, but stated it was relators= burden to get another deposition
date, Aat least by June the 5th,@
and cautioned relators that the testimony might be struck if they failed to
comply.  Relators did not contest that date, nor otherwise object to the
trial court=s ruling.

 

O=Riordan=s deposition was noticed on two
occasions thereafter, but both times O=Riordan=s attorney filed a motion to quash,
stating O=Riordan was not available.  After relators issued a trial subpoena
for O=Riordan, BDLI filed a motion to quash
the trial subpoena and for a protective order, claiming relators failed to
notice O=Riordan=s deposition in accordance with trial
court=s previous ruling.  During a
hearing conducted on August 4, the trial court noted the discovery deadline had
passed and ruled that O=Riordan could not testify at trial.[11]

Generally,
discovery is largely within the trial court=s discretion.  In re CSX Corp., 124 S.W.3d 149, 152 (Tex. 2003).  Although relators
argue the trial court abused its discretion because it excluded O=Riordan=s testimony based on relators= failure to contact BDLI=s counsel before proceeding with the
deposition, the record reflects that the court=s ruling was due to the fact the
deposition had not been taken as previously ordered and, at that point, the
discovery period had ended and trial was scheduled to begin in two weeks. 
Opposing counsel=s failure to appear and whether O=Riordan=s April 13, 2006 deposition was
properly noticed were issues addressed in the May 5 hearing.[12]  At
that time, the trial court ruled relators must again notice O=Riordan=s deposition by June 5. 
Relators did not object to this date nor subsequently move for an extension of
time before issuing O=Riordan=s trial subpoena. 

Because
O=Riordan was not deposed within the
time allowed by the trial court, his testimony was excluded.  This does
not equate to an abuse of discretion.  Relators also do not establish that
similar evidence cannot be obtained from another source.  In short,
relators fail to establish that the trial court=s ruling is an abuse of discretion,
and we deny relators= request for mandamus relief regarding its ruling.
     

Conclusion

 

In conclusion, in Cause
No. 14-06-00727-CV, having determined the trial court=s denial of relators= motion to review documents in camera
was an abuse of discretion for which relators do not have an adequate remedy by
appeal, we conditionally grant the writ of mandamus in that cause and order the
trial court to conduct an in camera review of the documents.  The writ
will issue only if the trial fails to act in accordance with this
opinion.  However, because relators fail to establish that the trial court
abused its discretion in ruling O=Riordan=s testimony is excluded from trial,
we deny relators= petition for mandamus in Cause No. 14-06-00750.  We are
confident the trial court will comply with this opinion.  We lift the stay
previously granted by this Court.     

 

PER CURIAM

 

 

Petition
in Cause No. 14-06-00727-CV Conditionally Granted; Petition in Cause No.
14-06-00750-CV Denied; and Opinion filed October 10, 2006.

Panel consists of Chief Justice Hedges,
Justices Fowler and Seymore.














[1]Relators filed a motion to stay in each original
proceeding; although we granted the emergency motion in the first mandamus
filed, the second motion was previously denied.  Real parties filed a
motion to lift the stay, which was also previously denied.





[2]BDLI is involved in the logistics industry.  The
parties also established a separate company to facilitate the
agreements.     





[3]Weiss filed another application for a TRO on June 9, a
copy of which was also filed on behalf of BDLI.





[4]The record reflects that, after looking at the
documents as reflected above, Judge Dorfman suggested relators be present at the hearing.  He contacted Young, who was unable to attend.  Judge Dorfman then contacted
relators and awaited their arrival before proceeding further.  Relators
appeared at the hearing pro se. 





[5]In its response, BDLI claims relators acknowledged
that none of the documents were relevant to their case; however, moments after
making that statement, relator Kim Brasch, appearing pro se, affirmatively
stated that his attorneys had not reviewed all the documents and that some of
the information would be important.





[6]Two hearings were conducted on June 23.  In the
morning, Young=s motion to withdraw was granted.  That
afternoon, the TROs signed by Judge Dorfman and another one signed by Judge
Lindsay were heard.  Because Young withdrew as relators= counsel during the morning hearing, another attorney
represented them during the afternoon hearing.  Ultimately, Judge Lindsay
granted a temporary injunction on the TRO she had signed, which prohibited
relators from revealing, discussing, mailing, or faxing the documents to
others.





[7]On August 18, relators filed a AMotion to Reconsider Refusal to Compel Production of
Documents,@
arguing the trial court should reconsider the motion to review.  The trial
court has apparently not yet ruled on this motion.  (See real parties response)

 





[8]In Weisel, the defendant resisted discovery of
certain documents, claiming they were privileged as attorney‑client and
attorney work‑product.  See 718 S.W.2d
at 58.  The trial judge denied a motion to review the documents in camera,
and the supreme court concluded that denial was an abuse of discretion stating,
Athe trial court had no choice but to review the
allegedly privileged documents in camera, prior to its ruling, because it was
asked to make an in camera review, and there was no evidence other than the
documents themselves which substantiated [defendant=s] claims of privilege.@  Id. 





[9]BDLI asserts that relators have an adequate appellate
remedy because relators filed a motion for the trial court to retain the
documents for appellate review.  But, whether appeal is an adequate remedy
is not solely determined by whether the documents may be available for
appellate review.  We also note that, although the illegally obtained
documents were not submitted for in camera review in this court, the nature of
at least some of the documents is disclosed in the record, and the question
raised here is one of law; that is, whether Judge Lindsay abused her discretion
by refusing to conduct an in camera review because she determined the documents
were stolen.  See generally Pope v. Stephenson,
787 S.W.2d 953, 954 (Tex.
1990).  





[10]BDLI also objected to pauses in the deposition
transcript when the attorneys present would go off the record. Relators
responded to BDLI=s lack of notice claim by pointing out that BDLI=s counsel was incorrectly reading the fax transmission
sheet and attached an affidavit from a secretary explaining the transmission
form and stating she had, in fact, coordinated the deposition with BDLI=s counsel=s office
prior to noticing the deposition.  During the subsequent hearing, BDLI=s counsel admitted the notice may not have been
received due to an error in his office, and relators= counsel explained the pauses in the deposition
transcript.    





[11]The signed order relators provided in the mandamus
record states as follows:  AConsistent
with the Courts= prior rulings that Gregory O=Riordan may not testify at the trial of this case,
[BDLI=s] objection to the use of Gregory O=Riordan=s
deposition as summary judgment evidence is sustained.@





[12]We reject relators=
argument that the trial court abused its discretion because BDLI did not file a
motion to quash the April 13 deposition.  BDLI filed a motion to strike O=Riordan=s
testimony immediately after the deposition was taken.  The trial court
heard the motion on May 5, ordering the deposition to be re-taken by June 5.