# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-09-00237-CV

---

**Juan Enriquez, Appellant**

**v.**

**Rissie Owens, Individually, and in her Official Capacity as Chairman,
Texas Board of Pardons and Paroles, Appellee**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
NO. D-1-GN-06-001219, HONORABLE RHONDA HURLEY, JUDGE PRESIDING**

---

### M E M O R A N D U M   O P I N I O N

Juan Enriquez, an inmate in the Texas Department of Corrections, appeals from a final summary judgment that he take nothing on claims he had asserted against appellee Rissie Owens, individually and in her official capacity as chairman of the Texas Board of Pardons and Paroles (Owens). In three issues, Enriquez complains of discovery, evidentiary, and records-sealing orders that preceded the district court's summary-judgment ruling. Finding no abuse of discretion or harm from the rulings Enriquez challenges on appeal, we will affirm the district court's judgment.

### BACKGROUND

Appellant Enriquez was convicted in 1968 of murder with malice and sentenced to death. After the statutory scheme under which his capital punishment was imposed was declared

unconstitutional under the 1972 *Furman v. Georgia* decision, Enriquez's sentence was commuted to imprisonment for life.[1]

Enriquez filed his present action complaining that the Board improperly reviewed him for parole in 2006 with a two-thirds vote of the entire body and should have instead acted through a three-member panel of the board. Enriquez relied on section 508.045 of the government code, which requires that "[e]xcept as provided by [government code] Section 508.046, board members and parole commissioners shall act in panels composed of three in matters of: (1) release on parole." Tex. Gov't Code Ann. § 508.045(a) (West 2004). Section 508.046, the exception to section 508.045's three-member panel requirement, currently requires a two-thirds "extraordinary vote" of the entire Board to release on parole an inmate who was convicted of certain sexual offenses or who is required under section 508.145(c) of the government code to serve 35 calendar years before becoming eligible for release on parole. *See id.* § 508.046 (West Supp. 2009). Although Enriquez does not come within the current language of section 508.046, the Board took the position that Enriquez is nonetheless governed by a prior version of the statute that required the two-thirds "extraordinary vote" of the entire Board to parole "an inmate who was convicted of a capital felony." *See* Act of May 8, 1997, 75th Leg., R.S., ch. 165, § 12.01, 1997 Tex. Gen. Laws 327, 418, *amended by* Act of May 25, 2005, 79th Leg., R.S., ch. 787, § 3, 2005 Tex. Gen. Laws 2705, 2705 (deleting reference to inmates convicted of capital felonies); *see also* Act of May 25, 2005, 79th Leg., R.S., ch. 787, § 17, 2005 Tex. Gen. Laws 2705, 2709 (making amendments applicable solely to offenses

---

[1] Enriquez's filings below reflect that he was also convicted of other murders in the 1960s but has already discharged his sentences for those offenses.

2

committed after effective date and continuing effect of prior law as to felonies committed before that date). Relevant to the issues he raises on appeal, Enriquez asserted liability theories that included equal protection violations—he alleged that the Board singled him out based on his Hispanic ethnicity in reviewing him for parole under section 508.046's "extraordinary vote" procedures while using three-member panels to consider all other "similarly situated" inmates (i.e., those who were convicted of murder with malice prior to 1972 and whose death sentences were commuted to life imprisonment).

Enriquez sought discovery regarding the Board's consideration of parole for twenty-four inmates that he asserted were "similarly situated" to him, including production of the Board's minutes from meetings in which a three-member panel considered parole for these "similarly situated" inmates, and requesting that each inmate be identified by name, Texas Department of Criminal Justice (TDCJ) number, offense, offense date, race, initial parole eligibility date, last parole review date, and current parole status. Enriquez also requested commitment inquiry data, including the names of all inmates who had been convicted of murder with malice before 1973 but who had been excluded from parole eligibility under section 508.045. The district court ultimately ordered Owens to produce the board minutes and the commitment inquiry data. To the extent that Owens claimed that any portions of the documents were privileged or confidential by law, Owens was to submit them to the district court for in camera review and assert any privilege or confidentiality claims in a privilege log served on Enriquez. As for Enriquez's other discovery, the district court ordered him to serve one request for admission to Owens inquiring whether he was being treated differently from the other inmates with regard to full-board versus three-member panel review. The

court further instructed that if Owens denied that Enriquez was being treated differently, she was to provide the court specific examples of other inmates to whom the same procedure or policy is applied. Any such examples were to be submitted to the court for in camera review.

Owens submitted a package of documents to the district court, including board minutes and commitment inquiry data, for in camera review, along with a motion to seal, asserting that the information was confidential under section 508.313 of the government code. *See* Tex. Gov't Code Ann. § 508.313 (West 2004) ("All information obtained and maintained [by the Board], including a victim protest letter or other correspondence, a victim impact statement, a list of inmates eligible for release on parole, and an arrest record of an inmate, is confidential and privileged if the information relates to: (1) an inmate of the institutional division subject to release on parole"). Owens also provided Enriquez the information contained in the documents in a randomized chart format. The chart lists inmates in random order, without any identifying information, and indicates whether each inmate was convicted of murder with malice, whether his sentence was commuted from death to life in prison under *Furman*, and whether he is reviewed by the full panel under section 508.046, as is Enriquez, or under a three-member panel under section 508.045. The chart shows that at least six similarly situated offenders are reviewed for parole under section 508.046, as is Enriquez.

After receiving the documents, the district court indicated that documents submitted for in camera review would be retained by the court pending future motions to which those documents would be relevant. Owens thereafter filed a motion for summary judgment. In support, Owens attached the above-referenced chart as Exhibit A and the underlying documents, submitted

for in camera review, as Exhibit B. Enriquez objected to both exhibits, and the district court overruled these objections, explaining:

> The Defendant complied with the court's order of January 6, 2009 and provided the court a privilege log and documents (Exhibit B, submitted for in camera inspection only) properly authenticated by business records affidavits supporting the information demonstrated in Exhibit A. The court finds that the documents are privileged pursuant to Section 508.313 of the Texas Government Code.

On April 8, 2009, the district court also signed an order sealing the records, finding them confidential pursuant to government code section 508.313. *See Id.* § 508.313. On April 24, 2009, the district court signed an order denying Enriquez's motion for summary judgment and granting Owens's motion for summary judgment. By this order, the court dismissed all claims against Owens. This appeal followed.

## ANALYSIS

In his first issue, Enriquez argues that the district court abused its discretion by denying him discovery of the Board's minutes. He urges that, contrary to the district court's rulings, the minutes are not confidential under section 508.313 of the government code.

Section 508.313 provides:

(a)    All information obtained and maintained, including a victim protest letter or other correspondence, a victim impact statement, a list of inmates eligible for release on parole, and an arrest record of an inmate, is confidential and privileged if the information relates to:

        (1)    an inmate of the institutional division subject to release on parole, release to mandatory supervision, or executive clemency;

(2)     a releasee; or

(3)     a person directly identified in any proposed plan of release for an inmate.

*Id.*  The documents requested by Enriquez were board meeting minutes and commitment inquiry data.  Enriquez requested these documents because they contain parole information for other inmates and parolees, the very information expressly made confidential by section 508.313.

Enriquez relies on *Weisel Enterprises, Inc. v. Curry*, 718 S.W.2d 56, 58 (Tex. 1986), arguing that Owens failed to present any evidence to substantiate her claims of privilege.  Enriquez argues that Owens relied "solely on her cite to §508.313 to support her privilege motion," and, according to Enriquez, there is no evidence that the documents requested and submitted for in camera review do, indeed, contain such confidential information.  Contrary to Enriquez's assertion, however, *Weisel* recognizes that documents submitted to a trial court in camera may constitute the only evidence substantiating a claim of privilege.  *See id.*  The court in *Weisel* held that the district court abused its discretion because it denied discovery without evidence to support the claim of privilege *and* refused to conduct an in camera review.  *Id.* at 57-58.  Here, by contrast, Owens submitted the requested documents to the court for in camera review, and, as discussed above, the court conducted an in camera review and determined that those documents were confidential under section 508.313.  Given the plain language of section 508.313, which makes the requested inmate information confidential as to "an inmate of the institutional division subject to release on parole," as is Enriquez, the district court acted within its discretion in denying discovery of these documents.  *See Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 661 (Tex. 2009) (trial court

6

abuses its discretion in denying discovery only when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law). Accordingly, we overrule Enriquez's first issue.

In his second issue, Enriquez argues that the district court erred by making a "court records" determination without giving notice to allow intervention. Enriquez specifically refers to Rule 76a(7), which provides:

> Continuing Jurisdiction. Any person may intervene as a matter of right at any time before or after judgment to seal or unseal court records. A court that issues a sealing order retains continuing jurisdiction to enforce, alter, or vacate that order. An order sealing or unsealing court records shall not be reconsidered on motion of any party or intervenor who had actual notice of the hearing preceding issuance of the order, without first showing changed circumstances materially affecting the order. Such circumstances need not be related to the case in which the order was issued. However, the burden of making the showing required by paragraph 1 shall always be on the party seeking to seal records.

According to Enriquez, "[t]he trial court was not free to make a 'court records' determination without giving notice to allow intervention.

Enriquez's issue is without merit. At the time that the records were sealed, Enriquez was a party to the litigation, not a potential intervenor. He can, thus, show no harm. *See* Tex. R. App. P. 44.1(a). Further, pursuant to the plain language of Rule 76a, the documents at issue were not court records. Rule 76a(2) provides:

> For purposes of this rule, court records means:
>
> (a)       all documents of any nature filed in connection with any matter before any civil court, except:

(1) documents filed with a court in camera, solely for the purpose of obtaining a ruling on the discoverability of such documents;

(2) documents in court files to which access is otherwise restricted by law;

(3) documents filed in an action originally arising under the Family Code.

Tex. R. Civ. P. 76a(2)(a).

As discussed above, access to the records at issue is expressly restricted by section 508.313. *See* Tex. Gov't Code Ann. § 508.313. Pursuant to the plain language of the rule, they are not court records, and are not subject to the requirements of Rule 76a. Contrary to Enriquez's assertion, nothing in Rule 76a requires public notice before the court makes an initial determination that documents are not court records. *See* Tex. R. Civ. P. 76a; *General Tire v. Kepple*, 970 S.W.2d 520, 524 (Tex. 1998). Accordingly, we overrule Enriquez's second issue.

In his third issue, Enriquez argues that the parole board minutes are public records, and, therefore, the district court abused its discretion by sealing those records. He argues that his agent, Yolanda Torres, requested and received copies of the board minutes that Owens claims are confidential. This voluntary disclosure, Enriquez argues, has waived any privilege that Owens could have asserted.

As discussed above, the records Enriquez seeks are unavailable to him under the express language of section 508.313. *See* Tex. Gov't Code Ann. § 508.313. Contrary to Enriquez's assertion, the district court did not make a finding that the requested documents were public records. And, even if it had, and even if the records are public, it remains that the express language of the statute makes them unavailable to Enriquez through public information request or through discovery.

8

*See id.* In addition, Enriquez cannot show harm. His waiver argument is based on the fact that his agent was able to obtain the very documents he had requested. He, thus, has access to the documents and cannot argue that he has been harmed by the district court's sealing order. *See* Tex. R. App. P. 44.1(a). Accordingly, we overrule Enriquez's third issue.

Having overruled each of Enriquez's issues, we affirm the judgment of the district court.

_____

Bob Pemberton, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed:   April 14, 2010

9