**Opinion issued May 2, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-11-00672-CV

_____

### TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant

### V.

### JERRY DEAN JACKSON, Appellee

---

**On Appeal from the County Court at Law**
**Austin County, Texas**
**Trial Court Case No. 11CV-4744**

---

### MEMORANDUM OPINION

Appellant, Texas Department of Public Safety, appeals from a judgment rendered in favor of appellee, Jerry Dean Jackson, on a petition for judicial review of the administrative suspension of his driver's license.[1] We affirm.

---

[1]    Appellee has not filed a brief with this Court.

BACKGROUND

**The Arrest**

State Trooper C. Courville stopped Jackson for driving 79 miles per hour in a 70-mile-per-hour zone. As Courville approached Jackson's car, another motorist stopped to say that Jackson had almost run into him. Courville noticed that Jackson had red, bloodshot eyes, slurred speech, and had difficulty maintaining his balance. Courville asked appellant to perform several field sobriety tests. Jackson exhibited four clues on the Horizontal Gaze Hystagmus test, seven clues on the walk-and-turn test, and three clues on the one-leg-stand test. He was also given a portable breath test, which registered .215. Based on Jackson's poor performance on these tests, Courville arrested him. Courville read Jackson the statutory warnings set forth in the DIC-24 form, and Jackson consented to a blood sample.

**The Administrative Hearing**

Jackson requested, and received, a hearing on his driver's license suspension. *See* TEX. TRANSP. CODE ANN. § 524.031 (Vernon 2007) (providing for administrative hearing reviewing Department's decision to suspend driver's license for intoxication). At the hearing, the administrative law judge ["ALJ"] admitted Courville's sworn report, which includes a statement that "the statutory warning given to [Jackson] is set out in detail in the document DIC-24." Also admitted at the hearing was an alcohol analysis affidavit, which provided that appellant's

2

blood alcohol test revealed a blood alcohol level of .22 grams of alcohol per 100 milliliters of blood.

Courville also testified at the hearing about the circumstances of the stop and arrest. He specifically testified that he read Jackson the statutory warnings found on the DIC-24 form before obtaining Jackson's consent for a blood draw. Jackson's attorney cross-examined Courville, but presented no evidence himself and raised no objections to any of the evidence admitted by the Department. At the close of the hearing, Jackson's counsel argued, "I don't think there's enough specific articulable facts for the officer to make probable cause to make the arrest in this case."

On March 14, 2001, the ALJ issued an order holding that the Department had proved that Jackson's license was subjection to a 90-day suspension. Jackson appealed the ALJ's order to the county court at law[2], contending that "[t]here was no reasonable suspicion for the initial detention and no probable cause for the arrest."

**Appeal to the County Court at Law**

On June 30, 2011, the county court at law held a hearing on Jackson's appeal. At the hearing, the following exchange took place:

---

[2] *See* TEX. TRANSP. CODE ANN. § 524.041 (Vernon 2007) (providing for appeal of ALJ's decision to county court at law).

[Defense Counsel]: Judge, like you to turn your attention to Page 6 [of the transcript from the hearing before the ALJ], the last line, which is a question by DPS: Did you read him the DIC-24? And with that, I'd like to call my client Mr. Jackson *for some additional evidence to—for the Court.* (Emphasis added).

[Department's Counsel]: Your Honor, I would just object, this is an appeal. So I don't believe any new evidence should be admitted at this stage.

[Trial Court]: Well, I will go ahead and let Mr. Jackson testify.

Jackson then testified that, to the best of his recollection, Courville never read him the warnings from the DIC-24. Instead, Jackson testified that Courville read him the warnings from a DIC-55 form, which is used in connection with commercial drivers. Both parties agree that, even though Jackson has a commercial license, he was driving a personal vehicle when arrested, thus a DIC-55 form would not be applicable. Jackson further testified that he relied on the DIC-55 warnings in giving his consent to the blood draw. Jackson then offered into evidence, and the trial court admitted over the Department's objection, a copy of a DIC-55 warning form bearing Jackson's name, driver's license information, and signed by Courville. Jackson's counsel informed the trial court that the Department had not produced the DIC-55 during discovery. Jackson testified that the DIC-55 was "the one I was taken from the hospital with."

Based on this evidence, defense counsel argued to the judge as follows:

[I] believe the additional evidence here gives enough issue on the credibility of the officer's testimony that, if nothing else, send it back

4

for another hearing so we can bring this out and get more information from DPS because they withheld this information. Whether the Trooper did himself or whether the DPS did in Austin, I think is a violation of the discovery order. Send it back for another hearing so we can get all the information that is discoverable so we can have a proper admission, get it before the administrative law judge.

It was Jackson's position that the DIC-55 form would go to Courville's credibility because he testified that he read Jackson's warnings from a DIC-24 form. The Department pointed out that the DIC-55 form did not contradict Courville's testimony, and that "[h]e might have in addition read the DIC-55, which he didn't have to do."

The trial court concluded that "based on the further discovery, I will just remand this back to the ALR judge for further hearing." Thus, the trial court entered an order granting Jackson's appeal and remanding the case for a new hearing before an ALJ.

## PROPRIETY OF TRIAL COURT'S REMAND TO ALJ?

In its sole point of error, the Department contends that the trial court abused its discretion "when it allowed Jackson to present new evidence regarding the merits of his case and when it remanded the case for a new hearing based on that evidence." Essentially, the Department argues (1) that the county court, when sitting as an appellate court, is statutorily prohibited from receiving new evidence, and (2) that the trial court erred in remanding the case to the ALJ for new evidence

5

without requiring Jackson to meet the statutory requirements justifying such a remand.

Section 524.043(a) of the Transportation Code provides that "[r]eview on appeal [to the county court at law] is on the record certified by the State Office of Administrative Hearings with no additional testimony." Had the county court actually conducted a substantial evidence review, as contemplated by TEX. GOV'T CODE ANN. § 2001.174 (Vernon 2008), then it would certainly be a violation of Section 524.043(a) of the Transportation Code for it to receive and consider additional evidence. However, here, the county court heard the additional evidence, not to evaluate the merits of the appeal, but to determine whether it should remand the case to the ALJ so that it could consider the additional evidence. This procedure is governed by section 524.043(b) of the Transportation Code, which provides as follows:

> On appeal [to the county court], a party may apply to the court to present additional evidence. If the court is satisfied that the additional evidence is material and that there were good reasons for the failure to present it in the proceeding below before the administrative law judge, the court may order that the additional evidence be taken before an administrative law judge on conditions determined by the court below.

TEX. TRANSP. CODE ANN. § 524.043(b) (Vernon 2007).

We review the district court's decision to grant or deny a remand request pursuant to this section under an abuse of discretion standard. *Langford v. Employees Retirement Sys. of Tex.*, 73 S.W.3d 560, 565 (Tex. App.—Austin 2002,

pet. denied) (interpreting similar remand statute in government code); *Harris v. Tex. Dep't of Pub. Safety*, No. 14-04-01085-CV, 2005 WL 3359729, at *5 (Tex. App.—Houston [14th Dist.] Dec. 6, 2005, no pet.) (mem. op.). A court abuses its discretion if it acts arbitrarily or refuses to follow guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985), *Harris*, 2005 WL 3359729, at *5. A trial court also abuses its discretion when there is no evidence to support its ruling. *Loftin v. Martin,* 776 S.W.2d 145, 148 (Tex. 1989); *Weisel Enters., Inc. v. Curry*, 718 S.W.2d 56, 58 (Tex. 1986). Under section 524.043(b), it was Jackson's burden to show that additional evidence he sought to present to the ALJ was (1) material, and (2) that there were good reasons for failing to present it to the ALJ in the earlier proceeding. *See* § 524.043(b).

In *Harris*, the driver sought to remand a case from the trial court to the ALJ based on new psychiatric testimony. 2005 WL 3359729, at *5. Harris made the new evidence available to the trial court and the Department three days before the hearing in the trial court and nine months after the hearing before the ALJ. *Id.* The trial court refused to permit Harris a remand to the trial court to present his additional evidence. *Id.* On appeal, the Fourteenth Court of Appeals affirmed, holding that "Harris, however, did not explain why he could not have completed this [psychiatric] examination or secured this evidence *before* the administrative

7

hearing." The court also held that the additional evidence was not material. *Id.* at 6.

The Department argues that this case is like *Harris* because Jackson presented no evidence to the trial court on either materiality or a "good reason" for failing to present it at the ALJ hearing. However, we note that in *Harris*, the trial court refused to remand for a new hearing; in this case, the trial court granted appellant's request to remand for a new hearing. Thus, the issue this Court must decide is whether the trial court had some evidence upon which to base its ruling, for if it did, it cannot have abused its discretion in remanding the case.

Appellant's position is that the evidence is material because it supports his argument that he was not given DIC-24 warnings, but was instead read DIC-55 warnings. The DIC-55 warnings state that the driver must consent to deliver a specimen of breath, blood, or urine and faces at least a one-year suspension of the commercial driver's license if the blood alcohol concentration is .04 or higher or if the driver refuses to provide a specimen. The DIC-24 form provides that if the driver refuses consent for a blood or breath specimen, his license will be suspended for at least 180 days. If the driver provides a specimen and the blood alcohol concentration is .08 or greater, the license will be suspended for not less than 90 days. Jackson testified that he relied on the incorrect DIC-55 warnings to give his consent to the blood draw. The trial court could have reasonably concluded that

8

the evidence regarding the improper statutory warning was material to the issues in the case.

Regarding the "good reason" for failing to present the DIC-55 at the administrative hearing, the Department never provided the document to his counsel through the discovery process, even though Jackson's counsel had requested it. The Department does not dispute that it failed to produce it in response to discovery requests, but speculates that the document was already in appellant's possession because he testified that he had a copy of it when he left the hospital.

We hold that the trial court did not abuse its discretion in remanding for additional evidence and in concluding that there was a "good reason" for failing to present the evidence at the administrative hearing because it reasonably could have concluded that the Department had produced a DIC-24 form, but not a DIC-55 form, and some evidence indicates that it was the DIC-55 warning that Jackson had been given, which set forth the incorrect warnings for a DWI in a personal vehicle.

Because the trial court had some evidence upon which to base his ruling remanding the case to the ALJ, he did not abuse his discretion in doing so.

## CONCLUSION

We affirm the trial court's judgment.

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.