**Petition for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed August 28, 2018.**



**In The**

# Fourteenth Court of Appeals

---

### NO. 14-18-00523-CV

---

### IN RE ATLANTIC SOUNDING CO., INC. AND WEEKS MARINE, INC., Relators

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**113th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2017-38112**

---

## MEMORANDUM OPINION

On June 26, 2018, relators Atlantic Sounding Co., Inc. and Weeks Marine, Inc. filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West Supp. 2017); *see also* Tex. R. App. P. 52. In the petition, relators

ask this court to compel the Honorable Michael Landrum, presiding judge of the 113th District Court of Harris County, to set aside his June 7, 2018 order compelling relators to produce documents, which they claim are protected by the attorney-client and work-product privileges. We conditionally grant the petition.

## BACKGROUND

On January 7, 2016, Reco Graham, who was employed as a deckhand on a dredge when he sustained his injuries, brought the underlying case against relators for personal injuries. In response to Graham's interrogatories and first request for production, relators stated that they were withholding certain documents, photographs, video tapes, and audio tapes, claiming that those items were protected by attorney-client and attorney work-product privileges. On August 1, 2017, relators served a privilege log on Graham regarding their answers, objections, and assertions of privileges.

On February 2, 2018, Graham filed a motion to compel relators to respond to his interrogatories and request for production. Relators filed a response to Graham's motion to compel, and the trial court held a hearing on March 29, 2018, and granted Graham's motion to compel on June 7, 2018. Relators filed this mandamus proceeding, asking this court to compel the trial court to set aside its June 7, 2018 order because the trial court abused its discretion by failing to conduct an in camera review of the items relators claim are privileged.

2

## STANDARD OF REVIEW

Generally, a relator seeking mandamus relief must demonstrate that (1) the trial court clearly abused its discretion; and (2) the relator has no adequate remedy by appeal. *In re Nat'l Lloyds Ins. Co.*, 507 S.W.3d 219, 226 (Tex. 2016) (orig. proceeding) (per curiam). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302–03 (Tex. 2016) (orig. proceeding) (per curiam); *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). Mandamus is available when the trial court erroneously orders the disclosure of information covered by the attorney-client privilege or work-product privilege because the error cannot be cured on appeal. *In re Nat'l Lloyds Ins. Co.*, 532 S.W.3d 794, 803 (Tex. 2017) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 843 (Tex. 1992) (orig. proceeding).

## ANALYSIS

Relators complain that the trial court ordered them to produce privileged materials, including a surveillance video of plaintiff Graham taken after the incident giving rise to this lawsuit, without first conducting an in camera review of those materials.

The party seeking to limit discovery has the burden of proof. *In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d 218, 223 (Tex. 2004) (orig. proceeding) (per

curiam).  A party may assert a privilege by withholding documents and stating in its response to a discovery request:

(1) information or material responsive to the request has been withheld,

(2) the request to which the information or material relates, and

(3) the privilege or privileges asserted.

Tex. R. Civ. P. 193.3(a).

Upon request, the withholding party must serve a privilege log describing the withheld materials, without revealing the privileged information, and asserting a specific privilege for each withheld item.  *In re Living Ctrs. of Tex., Inc.*, 175 S.W.3d 253, 261 (Tex. 2005).  The party making the objection or asserting the privilege must present any evidence necessary to support the objection or privilege.  Tex. R. Civ. P. 193.4(a).  Evidence may be presented by affidavit or by testimony at the hearing. *Id.*  "When, however, the claim for protection is based on a specific privilege, such as attorney-client or attorney work product, the documents themselves may constitute the only evidence substantiating the claim of privilege."  *Weisel Enters., Inc. v. Curry*, 718 S.W.2d 56, 58 (Tex. 1986).  When there is no evidence other than the documents to substantiate the claim of privilege and the trial court is asked to conduct an in camera review, the trial court must review the documents in camera before deciding whether they are discoverable.  *Id.*

The parties dispute whether relators had to establish a prima facie case of the privilege with evidence such as an affidavit or testimony before the trial court could decide whether to conduct an in camera review of the subject documents.  Relators

4

did not submit any affidavits or live testimony at the hearing in support of their claim that the documents and tapes are protected by the attorney work-product and attorney-client privileges. However, in their response to the motion to compel, relator offered to provide the withheld documents to the trial court for an in camera review. Also, during the March 29, 2018 hearing, relators offered to tender the documents to the trial court several times for an in camera review, but the trial court refused the offer each time.

The trial court had no evidence available other than the documents to which relators claimed the attorney-client and work-product privileges applied. Relator repeatedly offered to tender the documents to the trial court for an in camera review. Under these circumstances, the trial court was obligated to conduct an in camera review before granting the motion to compel and abused its discretion by failing to do so.[1] We also conclude that relators do not have an adequate remedy by appeal

---

[1] *See Barnes v. Whittington*, 751 S.W.2d 493, 494 (Tex. 1988) (orig. proceeding) (stating where the affidavits were not evidence of the claimed privilege, the trial court was required to review the documents in camera in the absence of any other evidence); *Weisel Enters., Inc. v. Curry*, 718 S.W.2d 56, 58 (Tex. 1986) (holding that the trial court "had no choice but to review the allegedly privilege documents in camera, prior to its ruling, because it was asked to make and in camera review, and there was no evidence other than the documents which substantiated . . . [the] claims of privilege" and abused its discretion by denying discovery without conducting an in camera review); *In re Unitrin Cnty. Mut. Ins. Co.*, No. 03-10-00250-CV, 2010 WL 2540726, at *2 (Tex. App.—Austin June 25, 2010, orig. proceeding) (mem. op.) (rejecting the real parties in interest's argument that the relator's failure to make a prima facie case of attorney-client privilege due to lack of affidavits or testimony was dispositive, and observing that the documents may constitute sufficient evidence to make a prima facie showing of privilege); *Arkla, Inc. v. Harris*, 846 S.W.2d 623, 631 (Tex. App.—Houston [14th Dist.] 1992, orig. proceeding) (holding that, where the documents were the best evidence to substantiate the claim of attorney-client privilege, the trial court had no choice but to review the documents in camera and abused its discretion by failing to do so).

because an appeal cannot cure the trial court's error.  *See In re Nat'l Lloyds Ins. Co.*, 532 S.W.3d at 803; *Walker*, 827 S.W.2d at 839.[2]

## CONCLUSION

Having determined that the trial court clearly abused its discretion by ordering the allegedly privileged items produced without performing an in camera review and that relators do not have an adequate remedy by appeal, we conditionally grant relators' petition for writ of mandamus.  Accordingly, we direct the trial court to (1) set aside its June 7, 2018 order compelling production of items that relators claim are privileged; (2) conduct an in camera review of those items; and (3) then make a ruling on whether to compel or deny production of those items.  *See Arkla, Inc.*, 846 S.W.2d at 631–32.  The writ will issue only if the trial court fails to act in accordance with this opinion.  We lift our stay issued on June 27, 2018.


/s/      John Donovan
         Justice


Panel consists of Justices Busby, Donovan, and Brown.

---

[2] Graham contends that relators (1) are using the attorney-client and work product privileges as a sword rather than a shield; and (2) had a duty to supplement their discovery responses because their answers are incomplete or no longer true.  We need not address these arguments because the narrow issue presented here is the trial court's obligation to review the disputed items in camera before ruling on whether they are discoverable.