In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-22-00207-CV
_____

IN RE MOUNTAIN VALLEY INDEMNITY COMPANY
AND SHANE WADDELL

_____

Original Proceeding
60th District Court of Jefferson County, Texas
Trial Cause No. B-204,896
_____

## MEMORANDUM OPINION

In a first-party property damage suit, the insured (James Warren Stutts or Real Party in Interest) alleged his homeowner's insurance company (Mountain Valley Indemnity Company or Relator) and the outside claims adjuster utilized by the insurance company to adjust the claim (Shane Waddell) improperly handled his claim for water damage caused by a malfunctioning plumbing line that was connected to a second-floor water heater in the insured's home. After invoking the appraisal provision for the dwelling and contents loss part of the claim and after receiving a partial summary judgment from the trial court, Stutts' remaining causes

1

of action include alleged improper claims handling and bad faith claims. Stutts served Mountain Valley Indemnity Company with written discovery requesting production of certain documents that it alleges are relevant to the alleged improper claims handling. Mountain Valley objected to the production of twenty-six pages of documents that include what Mountain Valley describes as claim notes and communications between Mountain Valley's in-house counsel and Waddell, and Waddell's supervisor. Mountain Valley alleged the documents are protected by the attorney-client privilege and work-product doctrine and Stutts filed a Motion to Compel. The trial court, after inspecting documents *in camera*, ordered Relators Mountain Valley Indemnity Company and Shane Waddell to produce claim notes and communications between Mountain Valley's in-house counsel, Waddell, and Waddell's supervisor.

In their mandamus petition, Relators contend they lack an adequate remedy by appeal for the trial court's clear abuse of discretion when it ordered Relators to produce documents protected from discovery by the attorney-client privilege and the work-product privilege. We temporarily stayed the trial court's order compelling discovery and requested a response from Real Party in Interest James Warren Stutts. *See* Tex. R. App. P. 52.10(b). After considering the parties' arguments and authorities and after reviewing the record, including the *in camera* documents, we conditionally grant mandamus relief.

To be entitled to mandamus relief, a relator must show that the trial court clearly abused its discretion and the relator lacks an adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). A trial court abuses its discretion when it acts without regard to guiding rules or principles or when it acts in an arbitrary or unreasonable manner. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding). Mandamus relief is available when the trial court erroneously orders the disclosure of privileged information because appeal does not provide an adequate remedy. *See In re Christus Santa Rosa Health Sys.*, 492 S.W.3d 276, 279 (Tex. 2016); *In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d 218, 223 (Tex. 2004); *Walker v. Packer*, 827 S.W.2d 833, 843 (Tex. 1992) (orig. proceeding).

**1. Work-Product Privilege**

Work product comprises:

(1) material prepared or mental impressions developed in anticipation of litigation or for trial by or for a party or a party's representatives, including the party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents; or

(2) a communication made in anticipation of litigation or for trial between a party and the party's representatives or among a party's representatives, including the party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents.

Tex. R. Civ. P. 192.5(a). Litigation is anticipated (1) whenever the circumstances surrounding the investigation would indicate to a reasonable person that there is a

3

substantial chance of litigation, and (2) the party resisting discovery had a good faith belief that there was a substantial chance that litigation would ensue and conducted the investigation for the purpose of preparing for such litigation. *National Tank Co. v. Brotherton*, 851 S.W.2d 193, 204 (Tex. 1993) (orig. proceeding). Core work product containing the "mental impressions, opinions, conclusions, or legal theories" of an attorney or an attorney's representative is not discoverable. Tex. R. Civ. P. 192.5(b)(1); *In re Nat'l Lloyds Ins. Co.*, 532 S.W.3d 794, 804 (Tex. 2017) (orig. proceeding). A trial court may order disclosure of noncore work product only if the requesting party shows substantial need and undue hardship. Tex. R. Civ. P. 192.5(b)(2); *Nat'l Lloyds*, 532 S.W.3d at 804.

Relators argue they anticipated litigation on the date Mountain Valley issued its May 31, 2018 coverage letter reserving rights under the policy and advising Stutts that he was unjustifiably causing an increase in the Loss of Use expense of his claim. They argue Stutts failed to produce any evidence establishing his substantial need for the material to prepare his case and he failed to show that he is unable without undue hardship to obtain the substantial equivalent of the material by other means. They further argue that the in-house counsel's emails include some core work product.

Stutts argues Relators failed to produce evidence that the communications at issue were made in anticipation of litigation as opposed to normal claims-handling;

4

therefore, he argues, the burden never shifted to him to produce evidence of a substantial need.

When the claim for protection is based on a specific privilege, such as attorney-client or attorney work product, the documents themselves may constitute the only evidence substantiating the claim of privilege. *Weisel Enters, Inc. v. Curry*, 718 S.W.2d 56, 58 (Tex. 1986) (orig. proceeding). We have reviewed the *in camera* documents and find that Mountain Valley met its burden of making a prima facie showing that the documents are protected from discovery as under the work-product doctrine. To the extent some of the documents may only be non-core work product, Stutts has not shown a substantial need for the documents. So, we conclude the trial court abused its discretion by ordering production of documents protected as attorney work-product.

**2. Attorney-Client Privilege**

The attorney-client privilege protects communications between attorney and client that are (1) not intended to be disclosed to third parties, and (2) made for the purpose of facilitating the rendition of professional legal services. *Nat'l Lloyds*, 532 S.W.3d at 803. "The privilege promotes free discourse between attorney and client, thereby advancing the effective administration of justice." *Id*. A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made to facilitate the rendition of professional legal services to the

5

client. Tex. R. Evid. 503(b)(1). The attorney-client privilege protects confidential communications between a client or the client's representative and the lawyer or the lawyer's representative and between the client's representatives who, to facilitate the rendition of professional legal services to the client, make or receive a confidential communication while acting in the scope of employment for the client. *Id*; *see also* Tex. R. Evid. 503(a)(2)(B).

Relators identify certain e-mail correspondence among Waddell, his supervisor Mike Reyna, and Mountain Valley's in-house counsel Ellen Greer. They argue these e-mail communications clearly fall within the attorney-client privilege because they "make clear that Ms. Greer's involvement was for legal advice because of significant concerns about Stutts's claim and because Stutts had retained an attorney to represent him in his claim." Stutts contends Relators failed to demonstrate that the trial court could have reached only one decision in making a factual determination that none of the documents were made to facilitate the rendition of legal services. Stutts argues the attorney-client privilege does not apply to the extent any attorney's communications related solely to the investigation and evaluation of Stutts's claim.

We reviewed the documents that Relators identified as being subject to the attorney-client privilege and that the trial court reviewed *in camera*. These documents show by the discussion and content thereof that they concern Mountain

6

Valley's adjusters' consultation with Mountain Valley's staff attorney and pertain to legal advice regarding Stutts's claims. We conclude the trial court abused its discretion by ordering production of the e-mail communication documents because the documents are protected by the attorney-client privilege.

## 3. Appropriate Relief

"Mandamus is proper when the trial court erroneously orders the disclosure of privileged information because the trial court's error cannot be corrected on appeal." *DuPont*, 136 S.W.3d at 223. We lift our stay order and conditionally grant mandamus relief. We are confident that the trial court will vacate its order of June 23, 2022. A writ of mandamus will issue only in the event the trial court fails to comply.

PETITION CONDITIONALLY GRANTED.

PER CURIAM

Submitted on September 21, 2022
Opinion Delivered November 10, 2022

Before Golemon, C.J., Kreger and Johnson, JJ.

7